## BIDDLE, WARDEN, *v.* PEROVICH.

### CERTIFICATE FROM THE CIRCUIT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 771. Argued May 2, 1927.—Decided May 31, 1927.

Under his power " to grant reprieves and pardons for offenses against the United States " (Const. Art II, § 2), the President may commute a sentence of death to life imprisonment, without the convict's consent. *Burdick* v. *United States*, 236 U. S. 79, limited. P. 486.

RESPONSE to a certificate of questions from the Circuit Court of Appeals, arising upon review of a judgment of the District Court in *habeas corpus* discharging Perovich from the Leavenworth Penitentiary.

*Mr. George T. McDermott,* with whom *Mr. Robert Stone* was on the brief, for Perovich.

Except in the military forces, or where martial law exists, a person may not be punished for an offense except after a verdict of a jury and a sentence by a court. The President cannot deprive a person of his liberty. Const. Art. III, § 2; Amendments V, VI; *Marbury* v. *Madison,* 1 Cr. 138; *Little* v. *Barreme,* 2 Cr. 170; *Ex parte Milligan,* 4 Wall. 122.

The President has power to pardon, reprieve, or commute. Commutation is an exercise of power, and not of grace; it is effective without delivery to, acceptance by, or consent of the prisoner. Commutation is a lessening of the same kind of punishment. The President may not substitute one kind of punishment for another—a jail sentence for a fine, or deportation instead of imprisonment. *Chapman* v. *Scott,* 10 F. (2d) 156; aff. 10 F. (2d) 690; cert. den., 270 U. S. 657; *In re Howard,* 115 Kan. 323; *Ex parte James,* 1 Nev. 319; *Duehay* v. *Thompson,* 223 Fed. 305; *Ex parte Collins,* 94 Mo. 22; *Ex parte Harlan,* 180 Fed. 127; *United States* v. *Commissioners,* 5 F. (2d) 163; *Hartung* v. *People,* 22 N. Y. 95; *Shepard* v. *People,* 25 N. Y. 406; *People* v. *Hayes,* 140 N. Y. 484; *Malloy* v. *South Carolina,* 237 U. S. 180; *In re Petty,* 22 Kan. 334.

The only legal punishment for murder in the first degree is death, unless the jury qualify their verdict by adding " without capital punishment." Life imprisonment is a different *kind* of punishment than death, and cannot be substituted without consent. Criminal Code, § 275; U. S. Comp. Stats., §§ 10448, 10504.

Pardon is an exercise of grace, and not of power; delivery and acceptance are required to make it effective; any conditions may be attached which the President pleases, and acceptance of the pardon is an acceptance of the conditions. The President may pardon from a death sentence, on condition that the prisoner accept life

imprisonment. *Ex parte Wells,* 18 How. 307; *Ex parte Harlan,* 180 Fed. 119; *Ex parte Grossman,* 267 U. S. 87; *United States* v. *Wilson,* 7 Pet. 150; *Burdick* v. *United States,* 236 U. S. 79; *Ross* v. *McIntyre,* 140 U .S. 453.

*Solicitor General Mitchell,* with whom *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief, for Biddle, Warden.

The rule that a pardon must be accepted to be effective originated in a statement in the opinion in *United States* v. *Wilson,* 7 Pet. 150. That case merely followed the English rule that an executive pardon is a private act of which the courts can not take notice unless pleaded and proved. It is not authority for the proposition that a pardon may be rejected and execution of his sentence insisted on by the convict.

The correct rule is that no exercise of the pardoning power requires acceptance except a true conditional pardon, which imposes a condition not known to the law and which requires voluntary action by the prisoner, but since an individual pardon by executive action is a private act of which the courts may not take judicial notice, a failure of the accused and of the prosecution to bring it properly to the attention of the court may make it ineffective, and in that limited way only may it be said the accused can reject it.

The English authorities, before and since *Wilson's case,* have never held otherwise. None of the large number of American state courts which have, *obiter,* repeated the statement in *Wilson's case,* that all pardons must be accepted to be effective, has ever so held in a case presenting the question. The only real authority in support of the necessity of acceptance is *Burdick* v. *United States,* 236 U. S. 79, decided on the supposed authority of *United States* v. *Wilson.* The rule that a convict has the right to insist on execution of his sentence overlooks the para-

mount public interest and places too much emphasis on the preferences of the convict. It is not well supported by reason. If the question decided in *Burdick's case* is not reconsidered, at least the rule should not be extended in application. *Ex parte Wells,* 18 How. 307; *Ex parte Grossman,* 267 U. S. 87; *Lee* v. *Curveton,* Cro. Eliz. 153; *King* v. *Ring,* 1 Keble 707; *Lee* v. *Murphy,* 22 Gratt. 789; *In re Charles,* 115 Kan. 323; *In re Convicts,* 73 Vt. 414; *Comm.* v. *Lockwood,* 109 Mass. 323; *James* v. *Flanner,* 116 Kan. 624; *Ex parte Powell,* 73 Ala. 517; *Redd* v. *State,* 65 Ark. 475; *Hunnicutt* v. *State,* 18 Tex. App. 498; *Rosson* v. *State, id.* 287; *State* v. *Garrett,* 135 Tenn. 617; *Michael* v. *State,* 40 Ala. 361; *Carpenter* v. *Lord,* 88 Ore. 128; *In re Victor,* 31 Oh. St. 206; *In re Callicot,* 8 Blatchf. 89; *People* v. *Frost,* 133 App. Div. 179; *Chapman* v. *Scott,* 10 F. (2d) 156; *Ex parte Hawkins,* 10 Okla. Cr. 396; *State* v. *Olander,* 193 Iowa 1379; Jacob, Common Law Commonplaced, 2d ed., p. 288; Lilly, Practical Register, 2d ed., p. 341; Wood, Institute, 10th ed., p. 632; Chitty, Prerogatives of the Crown, p. 99; Stephen, Commentaries, 18th ed., IV, p. 340; Coke, Institutes, III, p. 234; Hawkins, Pleas of the Crown, 6th ed., II, p. 560; Comyn's Digest, Pardon (H); Bacon's Abridgment of Jacob, Common Law Commonplaced, VI, p. 808; Halsbury, Laws of England, vol. 6, p. 404; English and Empire Digest, vol. 11, p. 516 (Pardons); Russell, Law of Crimes, 7th Eng. and 1st Can. ed., bk. 1, pp. 252–254; bk. 2, p. 1996.

Commutations of sentence have always been held not to be governed by the rule that pardons require the consent of the prisoner. In that view the question here is whether the change from death penalty to life imprisonment was a commutation or a conditional pardon.

A commutation is the substitution of a milder punishment known to the law for the one inflicted by the court. Life imprisonment is by statute and by prevailing opinion

considered a less severe punishment than death, and should be so considered by the courts. The narrower view that a commutation is merely a reduction in the degree of the punishment without any change in kind is not supported by the weight of authority. The statute under which Perovich was convicted provided life imprisonment as an alternative penalty for the crime of murder, and life imprisonment was therefore a milder punishment known to and prescribed by law for his offense.

The act of executive clemency was therefore a commutation of punishment and not a conditional pardon. A conditional pardon is one imposing a condition precedent or subsequent not known to the law, and which from its very nature requires voluntary action by the accused to make the pardon effective. *In re Victor,* 31 Oh. St. 206; *Ex parte Collins,* 94 Mo. 22; *In re Charles,* 115 Kan. 323; *State* v. *Wolfer,* 127 Minn. 102; *State* v. *Board,* 16 Utah 478; *Duehay* v. *Thompson,* 223 Fed. 305; *Rich* v. *Chamberlain,* 107 Mich. 381; *United States* v. *Commissioner,* 5 F. (2d) 162; 1 Op. A. G. 327; 4 Op. A. G. 432, 434; *Ex parte Janes,* 1 Nev. 319; *People* v. *Potter,* 1 Parker's Rep. 47; *In re Greathouse,* 10 Fed. Cases 5741; *Ex parte Hunt,* 10 Ark. 284; *State* v. *Wolfer,* 53 Minn. 135; *People* v. *Marsh,* 125 Mich. 410; *Bradford* v. *United States,* 47 Ct. Cls. 141; *State* v. *Horne,* 52 Fla. 125; *In re Williams,* 149 N. C. 436; *State* v. *Smith,* 1 Bailey (S. C.) 283; *Ex parte Hawkins,* 10 Okla. Cr. 396; *Commonwealth* v. *Wyman,* 12 Cush. 237; *McGuire* v. *State,* 76 Miss. 504; *Malloy* v. *South Carolina,* 237 U. S. 180; contra, *Hartung* v. *People,* 22 N. Y. 95; *People* v. *Hayes,* 140 N. Y. 484; *Guiteau* v. *United States,* 26 Albany L. J. 89; Act of April 30, 1790, c. 9, 1 Stat. 112.

If the act of executive clemency in this case be treated as a conditional pardon requiring acceptance, that acceptance may be implied. As such an act of clemency is

beneficial to the prisoner, acceptance should be presumed in the absence of prompt and unequivocal rejection. Service of sixteen years of the life imprisonment should be taken to show acceptance. *Ex parte Powell,* 73 Ala. 517; *Ex parte Reno,* 66 Mo. 266; *Commonwealth* v. *Halloway,* 44 Pa. St. 210.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The Circuit Court of Appeals for the Eighth Circuit has certified questions of law to this Court upon facts of which we give an abridged statement. Perovich was convicted in Alaska of murder; the verdict being that he was 'guilty of murder in the first degree and that he suffer death.' On September 15, 1905, he was sentenced to be hanged; and the judgment was affirmed by this Court. 205 U. S. 86. Respites were granted from time to time, and on June 5, 1909, President Taft executed a document by which he purported to " commute the sentence of the said Vuco Perovich . . to imprisonment for life in a penitentiary to be designated by the Attorney General of the United States." Thereupon Perovich was transferred from jail in Alaska to a penitentiary in Washington, and, some years later, to one in Leavenworth, Kansas. In November, 1918, Perovich, reciting that his sentence had been commuted to life imprisonment, applied for a pardon—and did the same thing again on December 10, 1921. On February 20, 1925, he filed in the District Court for the District of Kansas an application for a writ of *habeas corpus,* on the ground that his removal from jail to a penitentiary, and the order of the President, were without his consent and without legal authority. The District Judge adopted this view and thereupon ordered the prisoner to be set at large. We pass over the difficulties in the way of this conclusion and confine ourselves to the questions pro-

posed. The first is: " Did the President have authority
to commute the sentence of Perovich from death to life
imprisonment? "

Both sides agree that the act of the President was
properly styled a commutation of sentence, but the coun-
sel of Perovich urge that when the attempt is to com-
mute a punishment to one of a different sort it cannot be
done without the convict's consent. The Solicitor Gen-
eral presented a very persuasive argument that in no case
is such consent necessary to an unconditional pardon
and that it never had been adjudged necessary before
*Burdick* v. *United States,* 236 U. S. 79. He argued that
the earlier cases here and in England turned on the neces-
sity that the pardon should be pleaded, but that when
it was brought to the judicial knowledge of the Court
" and yet the felon pleads not guilty and waives the par-
don, he shall not be hanged." Jenkins, 129, Third Cen-
tury, case 62.

We will not go into history, but we will say a word
about the principles of pardons in the law of the United
States. A pardon in our days is not a private act of
grace from an individual happening to possess power. It
is a part of the Constitutional scheme. When granted it
is the determination of the ultimate authority that the
public welfare will be better served by inflicting less than
what the judgment fixed. See *Ex parte Grossman,* 267
U. S. 87, 120, 121. Just as the original punishment would
be imposed without regard to the prisoner's consent and in
the teeth of his will, whether he liked it or not, the public
welfare, not his consent, determines what shall be done.
So far as a pardon legitimately cuts down a penalty, it
affects the judgment imposing it. No one doubts that a
reduction of the term of an imprisonment or the amount
of a fine would limit the sentence effectively on the one
side and on the other would leave the reduced term or

fine valid and to be enforced, and that the convict's consent is not required.

When we come to the commutation of death to imprisonment for life it is hard to see how consent has any more to do with it than it has in the cases first put. Supposing that Perovich did not accept the change, he could not have got himself hanged against the Executive order. Supposing that he did accept, he could not affect the judgment to be carried out. The considerations that led to the modification had nothing to do with his will. The only question is whether the substituted punishment was authorized by law—here, whether the change is within the scope of the words of the Constitution, Article II, § 2: " The President . . . shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." We cannot doubt that the power extends to this case. By common understanding imprisonment for life is a less penalty than death. It is treated so in the statute under which Perovich was tried, which provides that " the jury may qualify their verdict [guilty of murder] by adding thereto ' without capital punishment '; and whenever the jury shall return a verdict qualified as aforesaid the person convicted shall be sentenced to imprisonment at hard labor for life." Criminal Code of Alaska, Act of March 3, 1899, c. 429, § 4; 30 Stat. 1253. See *Ex parte Wells,* 18 How. 307; *Ex parte Grossman,* 267 U. S. 87, 109. The opposite answer would permit the President to decide that justice requires the diminution of a term or a fine without consulting the convict, but would deprive him of the power in the most important cases and require him to permit an execution which he had decided ought not to take place unless the change is agreed to by one who on no sound principle ought to have any voice in what the law should do for the welfare of the whole   We are of opin-

ion that the reasoning of *Burdick* v. *United States*, 236 U. S. 79, is not to be extended to the present case. The other questions certified become immaterial as we answer the first question: *Yes.*

The CHIEF JUSTICE took no part in this case.