Rudolph HAMILTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 25, 1970.

Rudolph Hamilton, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

This is an appeal from an order and judgment overruling the appellant's motion under RCr 11.42 to vacate a judgment sentencing him to death for the crime of wilful murder.

Subsequent to this judgment, the Governor of the Commonwealth commuted the sentence for the death penalty to life in prison "without privilege of parole."

Basically the appellant makes two points on this appeal: (1) he says there is no record on this appeal of the hearing in circuit court; and (2) he argues that the Governor of the Commonwealth was without power to commute his sentence from the death penalty to a sentence for life "without privilege of parole."

■ In connection with the appellant's first contention, it is sufficient to point out that the order appealed from recites that the appellant was given a hearing; counsel appointed for him; and after appearing in court the appellant declined to offer any evidence in support of his motion to vacate. No attack is made on this order. Under the circumstances, this court will take the order at face value.

■ Coming to the second argument presented by the appellant, it is doubtful that the appellant may reach the question of the validity of his commutation under RCr 11.42 proceedings. However, assuming that the question may be raised in this manner and accepting the argument of appellant that the executive order of commutation was invalid, it could not be invalid in part so as to eliminate that part of the order which prohibits parole. The order is good or bad in toto. If the executive order were found to be invalid, the appellant would still be under a sentence in which he received the death penalty, which we doubt he would relish very much.

Appellant prosecutes this appeal without the assistance of counsel and does not ask for one. In view of this situation, we

think it appropriate to note that in Biddle v. Perovich, 274 U.S. 480, 486, 47 S.Ct. 664, 665, 71 L.Ed. 1161 (1927), the Supreme Court of the United States held in an opinion written by Justice Holmes that:

"A pardon in our days is not a private act of grace from an individual happening to possess power. It is a part of the Constitutional scheme. When granted it is the determination of the ultimate authority that the public welfare will be better served by inflicting less than what the judgment fixed. * * * Just as the original punishment would be imposed without regard to the prisoner's consent and in the teeth of his will, whether he liked it or not, the public welfare, not his consent, determines what shall be done.

\* \* \* \* \* \*

"By common understanding imprisonment for life is a less penalty than death."

See also Commonwealth ex rel. Meredith v. Hall, 277 Ky. 612, 126 S.W.2d 1056.

The judgment of the trial court is affirmed.

All concur.