**Rudolph HAMILTON et al., Plaintiffs,**

v.

**Wendell H. FORD, Governor of Kentucky, et al., Defendants.**

**No. 409.**

United States District Court,
E. D. Kentucky,
Frankfort Division.

Aug. 3, 1973.

William E. Johnson, Frankfort, Ky., for plaintiffs.

Ed W. Hancock, Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

This action was commenced by Kentucky prisoners incarcerated following convictions of willful murder. In each instance, the death penalty originally imposed was commuted by former Governor Ned Breathitt to life imprison-

ment without parole. Kentucky Constitution Section 77. The plaintiffs claim that the commutation, insofar as it purports to deny parole, violates Section 28 of the Kentucky Constitution, which prohibits the exercise by one government department of powers vested in another branch: Pursuant to the authority conferred by Sections 27 and 29 of the Kentucky Constitution, the legislature enacted KRS 435.010, which fixes the punishment for willful murder at death or life imprisonment, and KRS 439.340, which delegates to the Kentucky State Parole Board the authority to promulgate rules governing parole eligibility. That portion of the commutation order denying parole allegedly legislates a new penalty for willful murder and renders inoperative as to these plaintiffs various regulations establishing parole hearings for inmates serving life sentences. The complaint states that the denial of parole was an illegal action under color of law proscribed by the Civil Rights Act, 42 U.S.C. § 1983. Motions for summary judgment and dismissal have been filed by both sides and the record is before the court for decision.

The defendants argue that successive resolutions of an identical argument by both the Kentucky Court of Appeals, Hamilton v. Commonwealth, Ky., 458 S. W.2d 166 (1970), and the United States Court of Appeals for the Sixth Circuit, Hamilton v. Wingo, 6th Cir., No. 71–1272 (November 2, 1971), collaterally estop Hamilton from reasserting this issue. The precedential effect of these rulings should also encourage a summary disposition of the claims raised by the other plaintiffs.

The plaintiffs argue that collateral estoppel is inapplicable since this action was commenced pursuant to the Civil Rights Act while the opinions rendered by the Kentucky and Sixth Circuit Courts of Appeals were in response to petitions to vacate judgment and for habeas corpus, respectively. It is apparent that this contention ignores the distinction between res judicata and collateral estoppel.

"Res judicata, collateral estoppel and their relationship to each other is too well known and universally accepted to justify elucidation. They vary only in the sense that res judicata bars a second suit between the same parties and their privies on the same cause of action as to all issues which were or could have been litigated in the former suit, while collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit." Harrison v. Bloomfield Building Industries, Inc., 6th Cir., 435 F.2d 1192, 1195 (1970).

In Hamilton v. Commonwealth, supra, the defendant argued "that the Governor . . . was without power to commute his sentence from the death penalty to a sentence for life 'without privilege of parole'." Id. Questioning the propriety of raising such a claim in a proceeding to vacate judgment, and noting that a finding that the commutation was invalid would restore the original sentence of death, the Court quoted the Supreme Court in affirming the Governor's power to grant a conditional commutation:

" 'A pardon in our days is not a private act of grace from an individual happening to possess power. It is part of the Constitutional scheme. When granted it is the determination of the ultimate authority that the public welfare will be better served by inflicting less than what the judgment fixed. * * * Just as the original punishment would be imposed without regard to the prisoner's consent and in the teeth of his will, whether he liked it or not, the public welfare, not his consent, determines what shall be done.

\* \* \* \* \* \*

By common understanding imprisonment for life is a less penalty than death'." Id. 458 S.W.2d at 167, citing Biddle v. Perovich, 274 U.S. 480, 486–487, 47 S.Ct. 664, 71 L.Ed. 1161 (1927).

The Sixth Circuit also relied on Biddle in rebuffing Hamilton's habeas corpus

attack upon "the no parole provision of the Gubernatorial Commutation." Hamilton v. Wingo, supra. It is apparent that these holdings specifically considered and rejected the argument forwarded in the case at bar.

Some hesitancy as to the propriety of applying collateral estoppel arises from the nature of the issue before the Kentucky and Sixth Circuit Courts. The concepts of res judicata and collateral estoppel essentially relate to factual issues; although partially grounded in fact, the earlier opinions primarily involved a question of law: whether the Governor of Kentucky may commute a sentence from death to life without parole.

Although some divergence exists as to whether a decided question of law may be reopened in a subsequent proceeding involving the same parties but a different cause of action, 42 Am.Jur.2d "Judgments" Section 416, relitigation is generally denied where the two actions arise from the same subject matter.

> "Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result." Restatement, Judgments Section 70.

The subject matter involved in the case at bar is identical to that analyzed by the Kentucky and Sixth Circuit Courts of Appeals; since resolution of this issue was necessary for a decision by those tribunals it would appear that relitigation should be denied. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Harrison v. Bloomfield Building Industries, Inc., supra.

█ Some uncertainty remains, however, as to the effect of the State ruling upon this court's consideration of a Federal Constitutional question. Although decisions attendant to a state criminal proceeding are not automatically dispositive of claims presented in a federal civil rights action arising from that prosecution, Ney v. State of California, 9th Cir., 439 F.2d 1285 (1971); Mulligan v. Schlachter, 6th Cir., 389 F.2d 231 (1968), multiple litigation of a rejected claim is not favored:

> "The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided." Coogan v. Cincinnati Bar Association, 6th Cir., 431 F.2d 1209, 1211 (1970).

See also Willard v. United States, 5th Cir., 422 F.2d 810 (1970), cert. denied 398 U.S. 913, 90 S.Ct. 1714, 26 L.Ed.2d 76 (1970); Rhodes v. Meyer, 8th Cir., 334 F.2d 709 (1964), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Goss v. State of Illinois, 7th Cir., 312 F.2d 257 (1963); Palma v. Powers, N.D.Ill., 295 F.Supp. 924 (1969).

█ Consideration of the deference properly owed the Kentucky decision is unnecessary in view of the conclusive disposition of this allegation by the Sixth Circuit Court of Appeals:

> "The Constitution of the State of Kentucky, Sec. 77, grants the Governor powers of commutation, as well as of pardon. The commuted sentence imposed in this case is a lesser sentence than that which had been affirmed by the courts of Kentucky. Biddle v. Perovich, 274 U.S. 480, 47 S.Ct. 664, 71 L.Ed. 1161 (1927)." Hamilton v. Wingo, supra, at 1–2.

It is clear that Hamilton is collaterally estopped by the Sixth Circuit decision from relitigating this question, see Edwards v. Vasel, 8th Cir., 469 F.2d 338 (1972). Further, the operation of the stare decisis concept disposes of the claims forwarded by the other plaintiffs.

█ Even in the absence of these prior resolutions, it is apparent that the plaintiffs' argument is without sub-

stance. The Ninth Circuit was confronted with an identical claim in Green v. Teets, 9th Cir., 244 F.2d 401 (1957). The plaintiff there claimed that the Governor was powerless to commute a death sentence to a life term without parole since the legislature as the branch responsible for the enactment of criminal penalties had dictated that the punishment for first degree murder should be death or life with parole. Noting that the pardon power was infrequently reviewed, the court dismissed the action:

> "We are persuaded that petitioner has made no showing of a violation of his rights under the Federal Constitution." Id. at 403.

Convicted felons do not enjoy a constitutionally-protected right to parole. DiMarco v. Greene, 6th Cir., 385 F.2d 556 (1967); Dunn v. California Department of Corrections, 9th Cir., 401 F.2d 340 (1968); Singleton v. Shafer, E.D. Pa., 313 F.Supp. 1094 (1970); Annot., 33 A.L.R.3d 335. Utilization of this rehabilitative device is generally a state concern with which federal courts will not interfere.

> "It is well established that the administration of a state's penal system is a state function under the reserved powers in the Constitution, particularly with regard to granting of parole." Glancy v. Parole Board of Michigan Department of Corrections, W.D.Mich., 287 F.Supp. 34, 38 (1968).

The executive power of commutation implies the authority to attach certain conditions to the acceptance by the prisoner of the diminished punishment, Hagelberger v. United States, 5th Cir., 445 F.2d 279 (1971), cert. denied 405 U.S. 925, 92 S.Ct. 971, 30 L.Ed.2d 797 (1972); Stroud v. Johnston, 9th Cir., 139 F.2d 171 (1943), cert. denied 321 U.S. 796, 64 S.Ct. 846, 88 L.Ed. 1085 (1943); restriction of parole eligibility is such a concomitant power. This case revealing no federal constitutional question, an order will be entered sustaining the defendants' motion to dismiss.