James Scott DENNISON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 87–CA–2093–MR, 87–CA–2454–MR.

Court of Appeals of Kentucky.

Dec. 9, 1988.

Discretionary Review Denied by Supreme Court April 26, 1989.

Ronald C. Bakus, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Elizabeth Marshall, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DYCHE and GUDGEL, JJ.

COMBS, Judge.

Appellant, James Scott Dennison, appeals from his conviction of assault in the Jefferson Circuit Court.

The appellant was under eighteen years of age when he was indicted on January 14, 1987, on the charge of assault. The indictment alleged that he attacked an individual with a knife and caused physical injury. The case was set to be tried in circuit court on September 16, 1987. The appellant filed a motion prior to trial asking that the case be remanded to district court. The ground for the motion was that pursuant to KRS 640.010 the Commonwealth, in order to try

the appellant as a youthful offender in circuit court, must prove that he had been found guilty of a felony within one year prior to the current charge against him.[1] The Commonwealth argued that the statute is inapplicable to appellant's case because the effective date of the law was July of 1987, and before that time the appellant had already been indicted and duly waived to circuit court jurisdiction under the prior law. The circuit court agreed and refused to remand the case to district court.

The appellant argues on appeal that the statute should be construed to apply retroactively pursuant to KRS 446.110. The Commonwealth argues that the statute cannot be construed to apply retroactively pursuant to KRS 446.080(3).

KRS 446.110 states:

No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

An accurate paraphrase of the relevant parts of the 103–word first sentence of the statute could be:

No new law shall be construed to affect in any way whatever an offense committed against a former law, except that after the new law takes effect the proceedings shall conform, so far as practicable, to the laws in force at the time of such proceedings.

■ We return attention to the word "thereafter" appearing in the statute itself for it is critical to this appeal. We agree with the appellant that KRS 640.010 is procedural. Therefore, it immediately came to affect the trials of all of the juveniles the Commonwealth was seeking to try as youthful offenders which were pending at the effective date of KRS 640.010. However, the appellant had already been waived over to circuit court to be tried as a youthful offender by the time of the effective date of KRS 640.010, so only the procedural events of his trial subsequent to his transfer to circuit court would have been governed by this provision of the new juvenile code. "Thereafter" the statute says, not "theretofore."

■ Now all that remains for us to consider is KRS 640.010 alongside KRS 446.-080(3). The latter statute states that "no statute shall be construed to be retroactive, unless expressly so declared." The legislature did not expressly declare that KRS 640.010 is to be construed to apply retroactively, so we are powerless to do what the appellant urges.

Accordingly, the judgment of the Jefferson Circuit Court is hereby affirmed.

All concur.

---

1. KRS 640.010 was changed by the 1988 General Assembly.