**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Sophal PHON, Appellee.**

**No. 1998–SC–0836–CL.**

Supreme Court of Kentucky.

March 23, 2000.

As Corrected April 20, 2000.

Albert B. Chandler III, Attorney General of Kentucky, David A. Smith, Dana M. Todd, Assistant Attorneys General, Criminal Appellate Division, Frankfort, for appellant.

Thomas M. Ransdell, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for appellee.

LAMBERT, Chief Justice.

The issue here is whether a sentence of life without parole may be imposed for a capital offense even though that penalty did not exist at the time the crime was committed.[1] To decide this matter, it is first necessary to resolve the apparent conflict between two statutes: 1) KRS 446.080(3), which mandates that retroactive application of a statute be expressly stated, and 2) KRS 446.110, which allows mitigating provisions of new laws to be applied retroactively if the affected party consents. Thereafter, it will be necessary to determine whether the sentence of life without parole indeed mitigates the death

---

1. Pursuant to CR 76.37(10), the Attorney General of the Commonwealth of Kentucky sought certification of this issue. As such, and explained herein, this opinion is only for the purpose of certifying the correct interpretation of Kentucky law.

penalty, as required for the application of KRS 446.110.

The underlying facts giving rise to this issue are as follows. Sophal Phon and his co-defendants, Phannachay, Pok, Sananikone, and Choeung, were jointly indicted for the 1996 burglary, robbery, and execution-style murder of a Warren County couple. The Commonwealth filed notice of its intent to seek the death penalty against four of the five defendants, including Phon, then a seventeen year old juvenile.

Before Phon's trial, the Commonwealth filed a motion seeking to prevent the retroactive application of newly authorized sentences contained in HB 455, "the new crime bill," which added life without parole to the capital sentencing scheme. In support of its request, the Commonwealth argued that Phon had committed the crimes in 1996, more than two years before the July 15, 1998 effective date of HB 455. The Commonwealth further argued that Phon's trial was scheduled for July 6, 1998, nine days before the effective date of HB 455. The Commonwealth's motion was denied by order entered July 2, 1998.

On July 5, 1998, the day before his trial was scheduled to begin, Phon pled guilty in Warren Circuit Court to two counts of murder, first degree assault, first degree robbery, and first degree burglary. After a sentencing hearing held before a jury, Phon was sentenced to Life Without Parole. Final judgment, from which Phon has not appealed and from which the time to appeal has expired, was entered on September 4, 1998.

■ Pursuant to CR 76.37(10), the Attorney General of the Commonwealth of Kentucky moved this Court to certify the law regarding the following question:

> Do the newly authorized sentences contained in HB 455, "the new crime bill," apply retroactively to capital crimes committed before July 15, 1998?

As aforementioned, section 71 of HB 455 added life without parole to Kentucky's capital sentencing range. Section 71 also changed existing law by placing a fifty year limit on the term of years provision, which had previously had no limit. Section 71 is silent, however, as to whether it applies to capital crimes committed before July 15, 1998, its effective date, but not tried or retried until thereafter.

■ The Commonwealth argues that retroactive application of sentences contained in the new crime bill is prohibited by KRS 446.080(3), which provides, "No statute shall be construed to be retroactive, unless expressly so declared." [2] There is another statute in the statutory construction chapter, however, which suggests a different conclusion. KRS 446.110 states in relevant part:

> If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

According to this provision, the penalty of life without parole could be applied, with the defendant's consent, if life without parole indeed mitigates the death penalty.

■ When there appears to be a conflict between two statutes, as here, a general rule of statutory construction mandates that the specific provision take precedence over the general.[3] Moreover,

---

**2.** *See Hudson v. Commonwealth*, Ky., 597 S.W.2d 610, 611 (1980) (death penalty could not be imposed in cases in which the crime was committed before the effective date of 1976 revised death penalty statute); *Dennison v. Commonwealth*, Ky.App., 767 S.W.2d 327, 328 (1988) (youthful offender statute, KRS 640.010, could apply prospectively only as it did not specifically state that it was to be applied retroactively).

**3.** *Porter v. Commonwealth*, Ky., 841 S.W.2d 166, 168–169 (1992) (*citing Morgan County Board of Education v. Elliott*, 260 Ky. 672, 86 S.W.2d 670 (1935)); *City of Bowling Green v. Board of Ed. of Bowling Green Independent School Dist.*, Ky., 443 S.W.2d 243, 247 (1969).

it is the Court's duty to harmonize the law so as to give effect to both statutes.[4] Finally, statutes should be construed in such a way that they do not become meaningless or ineffectual.[5] While KRS 446.080(3) deals with retroactive application of statutes in general, KRS 446.110 deals specifically with the procedure to be followed when a law is amended. Thus, KRS 446.110 is more specific and should prevail over KRS 446.080(3). This interpretation gives effect to both statutes and prevents KRS 446.110 from being meaningless where there is no express declaration of retroactivity in a new statute containing mitigating penalties.

The Commonwealth further contends, however, that KRS 446.110 should not apply because life without parole is not a mitigating penalty. *Hamilton v. Commonwealth,*[6] however, indicates otherwise. In *Hamilton,* a prisoner questioned the validity of the Governor's commutation of a death sentence to a sentence of life in prison without the privilege of parole. The Court quoted approvingly from *Biddle v. Perovich,* wherein Justice Holmes wrote, "By common understanding, imprisonment for life is a less penalty than death."[7] In a subsequent appeal by the same prisoner and others similarly situated, the Court stated, "The fact that the death sentences imposed ... could not today be executed is no reason, in our opinion, why death cannot be considered to have been ... a higher penalty than life imprisonment without privilege of parole."[8]

■ Yet the Commonwealth argues that life without parole is not "certainly" or "definitely" mitigating so as to fall within the statutory meaning of mitigating[9] because the new penalty lowers neither the maximum nor the minimum possible punishment. We disagree. Life without parole is a lesser penalty than death because it allows a convicted defendant continued survival, albeit with severely limited individual liberties, rather than the termination of his life.

Accordingly, upon the unqualified consent of the defendant, a sentence of life without parole may be lawfully imposed for capital crimes committed before July 15, 1998. The law of Kentucky is so certified to the Attorney General of the Commonwealth of Kentucky.

GRAVES, KELLER, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., files a separate concurring opinion.

COOPER, Justice, concurring.

Although life without parole is certainly less onerous than death, *Hudson v. Commonwealth,* Ky., 597 S.W.2d 610 (1980), it is substantially more onerous than life without parole for twenty-five years. Since the new penalty is more onerous than one of the two penalties previously authorized by KRS 532.030(1) and less onerous than the other, I am unable to conclude that the addition of the newly authorized penalty by the 1998 amendment of KRS 532.030(1) satisfies the "definitely mitigating" test which we have applied to KRS 446.110 since *Coleman v. Common-*

4. *Allen v. McClendon,* Ky., 967 S.W.2d 1, 3 (1998); *Ledford v. Faulkner,* Ky., 661 S.W.2d 475, 476 (1983); *City of Bowling Green v. Board of Ed.,* 443 S.W.2d at 247.

5. *Allen v. McClendon,* 967 S.W.2d at 3.

6. Ky., 458 S.W.2d 166 (1970).

7. *Id.* at 167 (*quoting Biddle v. Perovich,* 274 U.S. 480, 486, 47 S.Ct. 664, 665, 71 L.Ed. 1161 (1927)).

8. *Hamilton v. Commonwealth,* Ky., 514 S.W.2d 188, 190 (1974).

9. *Coleman v. Commonwealth,* 160 Ky. 87, 169 S.W. 595, 597 (1914) (penalty in effect at time crime committed applies unless new penalty is "certainly" or "definitely" mitigating).

*wealth,* 160 Ky. 87, 169 S.W. 595, 597 (1914).

However, Appellee Phon obviously believed the new penalty was "definitely mitigating," for otherwise he would not have requested an instruction authorizing its imposition. If he is correct, then the instruction in this case was properly given pursuant to KRS 446.110. If he is incorrect, then he waived any possible *ex post facto* claim regarding the imposition of a penalty more onerous than life without parole for twenty-five years. Either way, the sentence in this case was determined by a properly constituted jury, which, having been presented with all three options, decided that life without parole was the most appropriate penalty in this case. We should not presume to hold that the verdict was wrong and that death was a more appropriate penalty in this case. Nor should we presume that absent the option of life without parole the jury would have imposed the death penalty rather than a sentence of life without parole for twenty-five years, or vice versa.