RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0830-MR

J.S.                                                                          APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 06-CR-00834

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

COMBS, JUDGE: Appellant, J.S.,[1] appeals from an Order of the Fayette Circuit

Court denying his petition for expungement. After our review, we affirm.

---

[1] As does Appellant, we use his initials pursuant to Kentucky Rule of Appellate Procedure 5(B)(2), which provides as follows: "*Redactions.* CR 7.03 applies to all actions prosecuted under these rules. Initials or a descriptive term must be used instead of a name in cases involving . . . expungements." (Italics original.)

In 2006, J.S. pled guilty to a violation of KRS[2] 218A.500 -- Possession of Drug Paraphernalia, Second Offense -- which was a Class D Felony at the time he was convicted and sentenced.

In April 2010, KRS 218A.500 was amended to classify all violations of the statute as Class A misdemeanors.

On February 9, 2023, J.S. filed a petition to expunge his felony conviction for Possession of Drug Paraphernalia, Second Offense, under the *misdemeanor* expungement statute, KRS 431.078.[3] The accompanying expungement eligibility notice stated that the conviction was not eligible for expungement because J.S. "[a]lready had felony conviction expunged[,]" referencing KRS 431.073(5)(a). J.S. also filed a notice of consent pursuant to KRS 446.110 requesting that the court apply the current version of KRS 218A.500 under which the subject offense is now a misdemeanor. KRS 446.110 is entitled "Offenses committed and rights accruing prior to repeal of law" and provides as follows:

> No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such

---

[2] Kentucky Revised Statutes.

[3] J.S. filed a separate request for expungement of two dismissed misdemeanor charges, which the trial court granted. They are not at issue on appeal.

> offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, **except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings**. If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

(Emphasis added.)

The Commonwealth filed a response objecting to the expungement petition. The trial court heard the matter on May 19, 2023.

The trial court was not persuaded by J.S.'s argument. On June 8, 2023, the court entered an Order denying J.S.'s petition as follows in relevant part:

> Defendant asserts he may move for expungement of his felony conviction for Count 2: Possession of Drug Paraphernalia Second Offense pursuant to KRS 431.078 (applicable to misdemeanors) because, since the time of his conviction, the offense has been reclassified as a misdemeanor. . . . Defendant plead guilty to violation of KRS 218A.500 which, at the time he was sentenced, was a Class D Felony. The statute has since been amended to provide that "[a]ny person who violates any provision of this section shall be guilty of a Class A misdemeanor. KRS 218A.500(8).

The court determined that KRS 446.110 governs because it deals specifically with the procedure to be followed when a law is amended, citing *Commonwealth v. Phon*, 17 S.W.3d 106, 108 (Ky. 2000). It explained as follows:

>Defendant pled guilty to Count 2: Possession of Drug Paraphernalia Second Offense, a class D felony, in 2006. The reclassification of the offense [in 2010] does not amend the Final Judgement Sentence of Probation entered September 19, 2006. Defendant stands convicted of a felony. The amendment [of KRS 218A.500] does nothing to mitigate Defendant's "punishment" which has long since been served out. "Expungement is a privilege granted by statute, the express limits of which cannot be extended by judicial *fiat*." *Alexander v. Commonwealth*, 556 S.W.3d 6, 9 (Ky. App. 2018). Accordingly, the Court concludes Count 2 is not eligible for expungement pursuant to KRS 431.078.

The trial court also determined that J.S. had not otherwise established that he was entitled to expungement under the felony expungement statute, KRS 431.073.

J.S. filed this appeal. His sole argument on appeal is that expungement is a new and separate proceeding from the original criminal action; thus, the amended version of KRS 218A.500 is applicable under KRS 446.110 and his felony drug-paraphernalia conviction should be expunged as a misdemeanor.

Our review is *de novo* because the interpretation of statutes is purely a matter of law. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011).

>When faced with statutory interpretation, it is "the seminal duty of a court . . . to effectuate the intent of the legislature." *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002) (citations omitted). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language[.]" *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005). "[S]tatutes must be given their literal interpretation unless they are

ambiguous and if the words are not ambiguous, no statutory construction is required.

*Adams v. Commonwealth*, 599 S.W.3d 752, 754 (Ky. 2019).

Although J.S. submits that this appeal presents a case of first impression, he nonetheless asserts that there is controlling precedent on this issue: *Jones v. Commonwealth*, 636 S.W.3d 503 (Ky. 2021). *Jones* dealt with the issue of *in forma pauperis* (IFP) and held that KRS 453.190, governing IFP proceedings, applied to an application for expungement of a felony under KRS 431.073:

> The IFP statute allows a qualifying person to file "any action" without paying costs and fees. KRS 453.190(1). The legislature has defined the term "action" in KRS 446.010(1). Under that statute, "'[a]ction' includes *all proceedings* in any court of this state." *Id.* (emphasis added). That is an extraordinarily broad definition that is perhaps broadened even further by the use of the term "any" before "action" in the IFP statute. Under the definition of "action" as provided by the legislature, we see no interpretation of the IFP statute that could preclude an expungement from being considered an "action" **for purposes of that statute**.

*Jones*, 636 S.W.3d at 507 (italics original) (bold-face emphasis added). J.S. contends that KRS 446.110 should also apply to all proceedings following the passage of the more lenient statute.

The Commonwealth submits that the issue before us involves proper interpretation of the last sentence of KRS 446.110: "If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by

the consent of the party affected, be applied ***to any judgment pronounced after the new law takes effect***." (Emphasis added.) The Commonwealth asserts that the plain language of the statute dictates the result -- that the judgment to which the amendment is applied must come ***after*** the amendment takes place. We agree. We therefore adopt the sound and succinct reasoning of the trial court as if it were our own:

> Defendant pled guilty to Count 2: Possession of Drug Paraphernalia Second Offense, a class D felony, in 2006. The reclassification of the offense [in 2010] does not amend the Final Judgement Sentence of Probation entered September 19, 2006. Defendant stands convicted of a felony. The amendment [of KRS 218A.500] does nothing to mitigate Defendant's "punishment" which has long since been served out. "Expungement is a privilege granted by statute, the express limits of which cannot be extended by judicial *fiat*." *Alexander v. Commonwealth*, 556 S.W.3d 6, 9 (Ky. App. 2018). Accordingly, the Court concludes Count 2 is not eligible for expungement pursuant to KRS 431.078.

We affirm the Order of the Fayette Circuit Court entered on June 8, 2023, denying J.S.'s application to expunge his felony conviction pursuant to KRS 431.078.


ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Fred E. Peters
Rhey Mills
Lexington, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky