RENDERED:  JUNE 6, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0288-MR

JAMES EDWARD HINES                                           APPELLANT


            APPEAL FROM MCCRACKEN CIRCUIT COURT
v.                 HONORABLE W. A. KITCHEN, JUDGE
                    ACTION NO. 23-CI-00069


KENTUCKY PAROLE BOARD                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND MᴄNEILL, JUDGES.

LAMBERT, JUDGE:  James E. Hines has appealed from the order of the

McCracken Circuit Court denying his petition for a writ of prohibition and/or

mandamus to prevent the Kentucky Parole Board from holding a final parole

revocation hearing without first conducting a competency hearing when the

parolee's competency was in question.  We affirm.

In 1982, Hines entered a guilty plea to murder and received a life sentence. He filed several unsuccessful post-conviction actions over the course of his imprisonment. *See Hines v. Commonwealth*, No. 2006-CA-001815-MR, 2008 WL 109665, at \*1 (Ky. App. Jan. 11, 2008). In 2014, Hines was placed on parole in Kentucky, and he was later transferred to Missouri pursuant to the Interstate Compact Offender Tracking System. Hines lived with members of his family in Missouri, and until 2022, there were no allegations that he had violated the terms and conditions of his parole supervision.

In April 2022, there was an allegation that Hines had been evicted from his home in Missouri, which resulted in Hines's being instructed to return to Kentucky and report to the KCI halfway house in Paducah. A warrant was issued when he failed to report to the halfway house, and Hines was arrested in Missouri and returned to Kentucky in June 2022. His parole officer moved to revoke his parole supervision that month. During the revocation proceedings, Hines was represented by counsel from the Department of Public Advocacy (DPA), and there was some testimony that he might have difficulty understanding instructions. His parole officer testified that he had led an honorable life while on parole, and Hines also testified. The Parole Board opted to return Hines to community supervision in August 2022.

Once he was returned to community supervision, Hines was instructed to report to the KCI halfway house in Paducah. Hines left the halfway house without permission in October 2022 and did not return. His parole officer filed a second motion to revoke his parole in December 2022 based on his alleged violations of his supervision. Hines was provided with a notice of probable cause hearing, and a different DPA attorney was appointed to represent him. This counsel expressed concerns about Hines's competency after speaking with him, noting that Hines could not provide her with information as to the circumstances surrounding the revocation or why he was being revoked and detained. At the probable cause parole revocation hearing on December 19, 2022, counsel made a verbal request that Hines be evaluated for competency based on his inability to effectively communicate and that the probable cause hearing be continued until that evaluation could be completed. The Administrative Law Judge (ALJ) denied the motion for a competency evaluation as "there is no mechanism for [an] ALJ to order evaluation and no funds available for evaluation through [the] DOC[,]" proceeded with the probable cause hearing, and found probable cause that Hines had violated the conditions of his parole supervision. The final hearing was scheduled for January 2023.

On January 23, 2023, Hines filed a petition for writ of prohibition and/or mandamus seeking an order from the McCracken Circuit Court directing the

Parole Board to suspend his revocation proceedings and return him to community supervision until the question of his competency could be addressed. Hines specifically sought a return to community supervision or the receipt of Kentucky Revised Statutes (KRS) Chapter 31 funds for a competency evaluation. He asserted that revocation of his parole while incompetent to participate in his own defense violated his 5th Amendment due process rights and his 6th Amendment right to be informed of the charges against him. And he stated that the Parole Board did not have any procedures or guidance in place to address situations where a parolee may be mentally incompetent to defend himself in a revocation proceeding. Finally, Hines argued that the ALJ would be acting erroneously by proceeding with the revocation while he was incompetent, that he did not have an adequate remedy by appeal as there was no method to appeal an ALJ's decision, and that he would suffer great injustice and irreparable injury due to being deprived of his liberty and healthcare without protection. The Parole Board opposed the petition.

After hearing argument from counsel, the circuit court entered an order on February 7, 2024, denying the petition for a writ.[1] The court discussed the

---

[1] Prior to ruling on the petition, the circuit court considered, and denied, the Parole Board's motion to dismiss the petition due to improper venue and for failure to state a claim upon which relief could be granted. Based upon our holding in this appeal, we specifically reject the circuit court's statement in the order denying the motion to dismiss that it could not "rule out the possibility that, under certain factual situations, a denial of a competency hearing may violate a parolee's due process rights under the 14th Amendment."

Supreme Court of Kentucky's analysis in *Jones v. Bailey*, 576 S.W.3d 128 (Ky. 2019), including whether an offender/parolee is entitled to counsel in parole revocation proceedings based upon fundamental fairness when that offender might have difficulty presenting his version of disputed facts. *Id*. at 149. The circuit court ultimately concluded that Hines was not entitled to a competency evaluation or hearing based on the specific circumstances of his case:

> The facts in this case are not seriously in dispute. Hines was required to reside at KCI Paducah. He left KCI Paducah without authorization for a second time. Although, his attorney tendered to this Court an affidavit that he was unable to effectively assist counsel in his defense, his attorney is perfectly capable of interviewing Hines'[s] parole officer and finding Hines'[s] relatives. If there are any mitigating factors as to why Hines left KCI Paducah, surely the relatives with whom he was residing when he was arrested would be in a position to inform counsel who could then inform the Parole Board. Fundamental fairness does not dictate that Hines must be evaluated for competency prior to the Parole Board's final decision because the facts are not seriously in dispute, the standard of due process in a parole revocation [proceeding] is not as strict as at trial, and his attorney is in a position to discover from other sources besides Hines any mitigating factors that could be presented to the Parole Board.

This appeal, in which Hines argues that the writ should have been granted on due process grounds, now follows.

The prerequisites for a writ, and this Court's appellate review, are as follows:

> A writ of prohibition [or mandamus] *may* be granted
> upon a showing . . . that the lower court is acting or is
> about to act erroneously, although within its jurisdiction,
> and there exists no adequate remedy by appeal or
> otherwise and great injustice and irreparable injury will
> result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). *See also Hodge v. Coleman*, 244 S.W.3d 102, 109 n.25 (Ky. 2008) ("Although *Hoskins* involved a petition for a writ of prohibition, we have utilized the same standard if a petitioner seeks a writ of mandamus."). As to appellate review, "[i]f these procedural prerequisites for a writ are satisfied, whether to grant or deny a petition for a writ is within the appellate court's discretion. And, appellate review of that decision is limited to an abuse-of-discretion inquiry, except for issues of law which are reviewed de novo." *Rehm v. Clayton*, 132 S.W.3d 864, 866 (Ky. 2004) (internal quotation marks, brackets, and footnotes omitted).

In *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484 (1972), the United States Supreme Court addressed the level of due process that must be afforded to parolees in revocation proceedings:

> [T]he revocation of parole is not part of a criminal
> prosecution and thus the full panoply of rights due a
> defendant in such a proceeding does not apply to parole
> revocations. *Cf. Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct.
> 254, 19 L. Ed. 2d 336 (1967). Parole arises after the end
> of the criminal prosecution, including imposition of
> sentence. Supervision is not directly by the court but by
> an administrative agency, which is sometimes an arm of
> the court and sometimes of the executive. Revocation

deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

The Supreme Court listed the minimum due process requirements as:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id*. at 489, 92 S. Ct. at 2604.

In *Jones*, *supra*, the Supreme Court of Kentucky applied *Morrissey*'s minimum due process requirements and created a two-part revocation process that includes notice of the allegations and evidence; an opportunity to testify, call witnesses, and cross-examine witnesses; and the opportunity to present evidence in defense or mitigation. As to counsel, the Supreme Court stated:

[T]his Court finds that the assistance of counsel would appreciably decrease the risk of an erroneous decision or result when a material factual dispute is present or the offender cannot effectively represent himself. Counsel has a recognized role of gathering and presenting relevant facts – a role which an uncounseled offender may not easily fill. Fundamental fairness mandates the right to counsel when the offender might be expected to encounter difficulty in presenting his version of a

disputed set of facts. The Board, making decisions which have such serious impact on the lives of the offenders who appear before it, cannot be permitted to base its determination on a view of the facts that is possibly mistaken due to the offender's inability to make a proper, organized factual presentation. *See Gagnon* [*v. Scarpelli*, 411 U.S. 778, 790, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)]. If the Parole Board should conclude that the assistance of counsel is not required in any particular case, it should state its reasons so that the issue is preserved for review. *Id*. at 791, 93 S. Ct. 1756.

*Jones*, 576 S.W.3d at 149-50. The Supreme Court recognized that "[a]lthough we do not disagree that the final revocation hearing is a critical stage of the revocation process, as discussed earlier, the revocation hearing is not a critical stage of a criminal prosecution." *Id.* at 152 n.29. The procedures for parole revocation hearings are set forth at length in 501 Kentucky Administrative Regulations (KAR) 1:040.

Hines argues that the parole revocation procedures are not enough to protect a parolee's due process rights when competency is in question, while at the same time conceding that this is an issue of first impression as there is no reported Kentucky case law on this particular issue. Hines relies upon several cases from foreign jurisdictions, which we decline to follow, as well as this Court's recent decision in *Smith v. Commonwealth*, 687 S.W.3d 914 (Ky. App. 2024), to support his argument.

However, *Smith* dealt with probation revocation, not parole revocation, and references courts, not the Parole Board: "We hold if a *court* has a reasonable belief that an accused might not be competent any time during a revocation proceeding, that *court* must ensure an accused is competent prior to proceeding to a revocation hearing." *Id.* at 918 (emphasis added). In so holding, the Court relied upon Kentucky Rules of Criminal Procedure (RCr) 8.06 and KRS 504.100.

> RCr 8.06 addresses incapacity to stand trial and provides as follows:
>
> If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or her, or to participate rationally in his or her defense, all proceedings shall be postponed until the issue of incapacity is determined as provided by KRS 504.100.

And KRS 504.100(1)[2] provides, in turn, that: "If upon arraignment, or during any stage of the proceedings, the *court* has reasonable grounds to believe the defendant is incompetent to stand trial, the *court* shall order the defendant to be examined and his or her mental condition reported, as provided in KRS 504.080." (Emphasis added.) But as the Parole Board points out, these procedural mechanisms

---

[2] The subsection cited above is from the amended version of the statute that took effect July 15, 2024. The original 1982 version provided: "(1) If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition."

regarding the competency examination and hearing are tools of the trial court, not the Parole Board.

The appellate courts in Kentucky have made it clear that probation and parole involve different considerations and are decided by different bodies. In *Mullins v. Commonwealth*, 956 S.W.2d 222, 223 (Ky. App. 1997), *abrogated on other grounds by Commonwealth v. Merriman*, 265 S.W.3d 196 (Ky. 2008), this Court discussed the difference between probation and parole:

> We begin our analysis by recognizing that the legislature has the power to designate what is a crime and the sentences for violations thereof. Ky. Const. Section 29; *Hamilton v. Ford*, 362 F.Supp. 739 (E.D. Ky., 1973). Included therein is the power to limit or prohibit probation or parole. As appellant correctly points out, probation is a function of the judicial branch. Probation is considered by the judge at the time of sentencing except for "shock probation," (KRS 439.265 and KRS 439.267), which allows the court to reacquire jurisdiction for this one consideration. Parole, as a function of the executive branch of government (at least as far as felonies are concerned), can modify a sentence indirectly after jurisdiction passes to the executive branch (Department of Corrections). KRS 439.330 and 439.340.
>
> Probation and parole also serve different functions and have different standards. Probation, under KRS 533.010, is to be considered at the time of sentencing, and starts with the process of probation or conditional discharge, moving toward imprisonment only if certain justifications exist to deny probation or conditional discharge. Parole recognizes those justifications existed at sentencing and there now exists a change of circumstances or a rehabilitation of a prisoner. KRS 439.340. Both "authorized dispositions" (KRS 532.005

-10-

et. seq.) and parole (KRS 439.177 et. seq.) are creations of the legislature, which inherently has the power, within constitutional limitations, to modify or change the statutes.

(Emphasis omitted). The Supreme Court of Kentucky explained in *Peck v. Conder*, 540 S.W.2d 10, 12 (Ky. 1976), that:

[W]hen a person has been convicted of a crime and has begun to serve his sentence the function and authority of the trial court is finished. What then happens to the prisoner is entirely in the bailiwick of the executive branch of government, and is no business of the courts, including the trial court.

At issue in the present case is parole, not probation, and we agree with the Parole Board that *Smith*, *supra*, KRS 504.100, and RCr 8.06 have no bearing on whether Hines is entitled to a competency evaluation and hearing in a parole revocation proceeding. And there is no mention of a competency examination or hearing in the applicable case law, including *Jones*, *supra*, or in the statutory and regulatory authority. KRS 439.330 sets forth duties of the Parole Board, which includes the required duty to "[i]ssue warrants for persons charged with violations of parole and postincarceration supervision and conduct hearings on such charges, subject to the provisions of KRS 439.341, 532.043, and 532.400[.]" KRS 439.330(1)(e). None of these sections addresses competency or references KRS 504.100, although the legislature could have chosen to do so. And we agree with the Parole Board that the Supreme Court in *Jones*, *supra*, included adequate

-11-

safeguards tangentially related to competency when it provided for the right of counsel in some situations: "Fundamental fairness mandates the right to counsel when the offender might be expected to encounter difficulty in presenting his version of a disputed set of facts." *Jones*, 576 S.W.3d at 149.

Through right to counsel, the legislature has provided the means for a parolee whose competency is questioned to protect his or her constitutional rights. It is up to the Kentucky legislature, if it so chooses, to specifically include competency requirements as a requisite element of parole proceedings and to create a process whereby the Parole Board may order and fund such evaluations. We decline to hold that additional safeguards are necessary.

Although we agree with Hines that the circuit court did not address the legal question as to whether competency is generally required in parole revocation proceedings in the final order, "it is well-settled that an appellate court may affirm a lower court for any reason supported by the record." *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009). Because we hold that a parolee is not entitled to a competency examination or hearing in a parole revocation proceeding as a matter of law, we need not address the remaining elements of the writ requirements or whether the circumstances of this case justified ordering a competency examination and hearing. Accordingly, we hold

that the circuit court did not commit any error or abuse of discretion in denying the petition for a writ.

For the foregoing reasons, the order of the McCracken Circuit Court denying Hines's petition for a writ of prohibition and/or mandamus is affirmed.

McNEILL, JUDGE, CONCURS.

COMBS, JUDGE, CONCURS AND FILES SEPARATE OPINION.

COMBS, JUDGE, CONCURRING: I cannot dissent from this legally correct majority Opinion, but I concur separately in order to emphasize a point that is clearly mentioned in the Opinion, namely: "It is up to the Kentucky legislature, if it so chooses, to specifically include competency requirements as a requisite element of parole proceedings and to create a process whereby the Parole Board may order and fund such evaluations." I heartily urge our Legislature to address this glaring omission in the law, one that is particularly highlighted by the circumstances of this case.

During his long period of parole, Hines exhibited good behavior and had no violations of supervision. However, it appears that he "fell through the cracks" of the system after he was evicted from his home in Missouri. Mental competency is alleged as a compelling condition in his plight, but we are without the means to redress the injustice flowing from that condition. I would urge the Legislature to fill that gap by providing the means for a competency evaluation in

-13-

parole revocation proceedings and to make that remedy retroactive in order that

Mr. Hines could then invoke that necessary relief.


BRIEFS FOR APPELLANT:

Elias Kang-Bartlett
La Grange, Kentucky

BRIEF FOR APPELLEE:

Seth E. Fawns
Frankfort, Kentucky