## Jackson v. Rose, Judge.

(Decided February 24, 1928.)

### Petition for Writ of Mandamus.

1. Mandamus.—Court of Appeals has power, where circuit court cannot give relief. to issue writs of mandamus to inferior courts compelling them to take such action as law demands.

2. Constitutional Law.—No court has power to review action of Governor in granting pardon, for that would be exercise of pardoning power in part, and any attempt of courts to interfere with executive in exercise of such power would be manifest usurpation of authority.

3. Constitutional Law.—Pardon granted by Governor is binding on every one, including courts.

4. Pardon.—It is not necessary that pardon be supported by formal plea, but it is sufficient if pardon be called to attention of court.

5. Evidence.—Court takes judicial notice of official signature of any officer of state.

6. Evidence.—Court is presumed to know who is executive of state at any time fact is called in question.

7. Pardon.—When pardon regular on its face and purporting to have been signed by Governor then in office is brought to attention of court, it is duty of court to discharge defendant and dismiss proceedings against him, since pardon is itself an absolute exemption from any further legal proceedings which would tend to harass defendant on account of the crime.

8. Pardon.—Governor has power, where name of person in pardon is incorrectly set forth, to correct error by issuing second pardon.

9. Pardon.—Where Governor issued pardon in which name of pardoned man was incorrectly stated, and subsequently issued second pardon in which name was correctly stated, and court refused to give effect to pardon, held that, second pardon being regular, court had no discretion in matter, but it was plain and mandatory duty to give full effect by ordering discharge of pardoned person.

10. Mandamus.—Mandamus is an appropriate remedy to compel court to give effect to pardon issued by Governor.

HIRAM H. OWENS, K. H. TUGGLE, V. A. JORDAN and J. D. TUGGLE for petitioner.

R. MONROE FIELDS, E. F. BAKER, J. F. CATRON, P. L. SENTERS and J. J. TYE for respondent.

OPINION BY CHIEF JUSTICE CLAY—Granting writ of mandamus.

The petitioner, Lattimore Jackson, brought this action in this court to obtain a mandamus compelling Richard S. Rose, as judge of the Thirty-Fourth judicial dis-

trict of Kentucky, to give effect to a pardon issued by the Governor of Kentucky, and to discharge him from custody. Briefly stated, the facts alleged in the petition are these: At the November, 1927, term of the Knox circuit court the grand jury returned an indictment charging petitioner with the offense of willful murder. At the same term a trial was had, and the jury found him guilty of manslaughter and fixed his punishment at 15 years' confinement in the state penitentiary. Judgment was entered accordingly. On December 12, 1927, Hon. William J. Fields, the Governor of the commonwealth, signed, executed and delivered to the petitioner a full and free pardon for said offense, and directed that all officers of the state respect said pardon. The pardon was duly attested by the secretary of state, and the seal of the commonwealth was affixed thereto. On receipt of the pardon the petitioner appeared in open court and presented the pardon to the respondent, who read and considered the pardon and directed that it be entered on the order book of the court. The pardon so presented reads as follows:

"In the Name and by the Authority of the Commonwealth of Kentucky, William J. Fields, Governor of said Commonwealth.

"To All to Whom these Presents shall Come—Greeting:

"Whereas, it is represented to me that Lattimore Jackson was convicted of the crime of manslaughter at the November term, 1927, of the Knox circuit court, and sentenced to confinement in the penitentiary of the state for 15 years;

"And whereas, it appears from satisfactory evidence that the case of said Lattimore Johnson presents strong consideration for the interposition and indulgence of the Executive, in that from letters and affidavits of responsible citizens of Knox county, two of whom attended the trial and heard the testimony, I am convinced that the defendant acted in his own necessary self-defense:

"Now know ye, that in consideration of the premises and by virtue of the power vested in me by the Constitution, I do hereby grant unto the said Lattimore Johnson a free and full pardon for said offense, and do order that he be forthwith liberated

from confinement and released from all liability in consequence of said judgment of conviction, and I direct that all officers of this state respect this pardon.

"In testimony whereof, I have caused these letters to be made patent, and the seal of the commonwealth to be hereunto affixed. Done at Frankfort, the 12th day of December, in the year of our Lord one thousand nine hundred and twenty-seven and in the one hundred and thirty-sixth year of the commonwealth.

"By the Governor: W. J. FIELDS.

"Emma Guy Cromwell,
    "Secretary of State,
"By Robert Dixon, Jr.,
    "Assistant Secretary of State."

To the pardon the commonwealth interposed a demurrer on the ground that no pardon was granted to the petitioner. After the pardon was issued the Governor of Kentucky discovered that an error had been made in the spelling of the name of the petitioner, and on the same day executed a second pardon in which his name was correctly spelled and set out. This pardon did not reach the petitioner until the first pardon had been presented. On receiving the corrected pardon he presented it in open court to the judge thereof and asked that the pardon be filed and honored by the court. The court received the pardon and delivered it to the clerk for record. Thereupon the commonwealth's attorney objected to the filing of the pardon, and the objection was sustained. (The second pardon is the same as the first with the exception that only the name Lattimore Jackson appears in the instrument.) Notwithstanding the pardon the respondent, as judge, arraigned the petitioner in open court and pronounced sentence against him. The respondent has not held either pardon void or of no effect, but refuses to recognize the pardon, and has announced that he will not do so unless forced to do so by mandamus from the Court of Appeals. The petitioner is the identical person referred to in the indictment, and in the verdict and judgment, and also in the pardon filed with the court. There is no such person in Knox county as Lattimore Johnson, and no such person was indicted, tried, or convicted of the charge of manslaughter in the Knox

circuit court. The respondent knows personally and judicially that the person referred to in said pardon is the petitioner and no other person. The petition concludes with a prayer for a mandamus.

The jurisdiction of this court is challenged by a special demurrer, but the power of this court, where the circuit court cannot give relief, to issue writs of mandamus to inferior courts compelling them to take such action as the law commands, is beyond dispute. Kelly v. Toney, 95 Ky. 338, 25 S. W. 264, 15 Ky. Law Rep. 718; Davidson v. Lewis, 159 Ky. 798, 169 S. W. 538. In this case the right is plain. The writ of mandamus is sought against the judge of the Knox circuit court, and there is no other court with power to direct him to perform his mandatory duty.

Our government is subdivided into three co-ordinate departments, the legislative, executive and judicial. The powers of each department are defined by the Constitution, and in the exercise of these powers neither has the right to interfere with the other. The Constitution clothes the Governor with the power to grant pardons. No court has the power to review the action of the executive in granting a pardon, for that would be the exercise of the pardoning power in part, and any attempt of the courts to interfere with the executive in the exercise of the pardoning power would be a manifest usurpation of authority. In re Crump, 10 Okl. Cr. 133, 135 P. 428, 47 L. R. A. (N. S.) 1036.

A pardon is binding on everyone, including the courts. It is not necessary that the pardon be supported by a formal plea. All that is necessary is that the pardon be called to the attention of the court. The court takes judicial notice of the official signature of any officer of this state, and is presumed to know who is the executive of the state at any time the fact is called in question. Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 22 Ky. Law Rep. 1087, 53 L. R. A. 245. When a pardon, regular on its face, and purporting to have been signed by the Governor then in office, is brought to the attention of the court, it is the duty of the court to discharge the defendant and dismiss the proceeding against him, since the pardon is itself an absolute exemption from any further legal proceedings which would tend to harass the defendant on account of the crime.

Territory v. Richardson, 9 Okl. 579, 60 P. 244, 49 L. R. A. 440. But respondent insists that the use of the name Lattimore Jackson in the first instance, and the granting of the pardon to Lattimore Johnson, show that the pardon was ambiguous on its face, and in these circumstances he had the right to pass on the sufficiency of the pardon, and, if he erred, his action could be reviewed only on appeal.

With respect to the second pardon, respondent insists that the Governor exercised his power in granting the first pardon, and was therefore without power to grant the second pardon. We need not concern ourselves with the first pardon, or with the question whether its alleged ambiguity was such as to involve a matter of discretion not controllable by a writ of mandamus. The second pardon was rejected on the ground that the Governor's power was exhausted by the first pardon and he was without authority to grant a second pardon. We are not aware of any limitation on the Governor's power to grant to the same man as many pardons as he may desire. Certainly he has the power, where the name of the person pardoned is incorrectly set forth in the first pardon, to correct the error by issuing a second pardon. As the second pardon was issued by the executive then in office, and is regular on its face, the respondent had no discretion in the matter, but it was his plain and mandatory duty to permit it to be filed and to give it full effect by ordering that the petitioner be discharged. In such a case mandamus is an appropriate remedy.

Wherefore, the application for mandamus is granted, and an order will go requiring the respondent to permit the second pardon to be filed and to discharge the petitioner.