Rudolph HAMILTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Hassie Cane MARTIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Johnny SMITH, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 27, 1974.

Anthony M. Wilhoit, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

In the early 1960's Rudolph Hamilton, Hassie Cane Martin and Johnny Smith, Jr., each, on separate convictions of murder, was sentenced to death. In 1965 then Governor Breathitt commuted their sentences to life imprisonment without privilege of parol (which under Kentucky law was not an originally permissible penalty for murder). In proceedings in the courts of Kentucky and in the Federal courts, Hamilton sought to have the condition of ineligibility for parole removed from his commuted sentence on the ground that it was not a legally permissible punishment for murder. He failed in those attempts. See Hamilton v. Commonwealth, Ky., 458 S.W.2d 166; Hamilton v. Wingo, 6th Cir. 71–1272; Hamilton v. Ford, D.C., 362 F.Supp. 739. This Court, citing an opinion by Justice Holmes for the Supreme Court of the United States, held that the Governor had authority to commute the death sentence to any lesser penalty. The decisions of the Federal courts adopted the same reasoning.

In 1973, after reflecting upon the possible ramifications of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, Hamilton, Martin and Smith each brought a proceeding in the circuit court in which he was convicted, seeking to have his sentence "corrected" to eliminate the condition of ineligibility for parole. The argument advanced by each was that *Furman* made the original death sentences retrospectively invalid, so that when they were imposed they were by operation of law reduced to the next highest punishment prescribed for murder—imprisonment for life; therefore, Governor Breathitt could not validly commute·what amounted to ordinary life sentences to a *higher* penalty—life without privilege of parole. They cited a California decision, In re Walker, 28 Cal.App.3d 1042, 104 Cal.Rptr. 668, as authority supporting their argument.

The circuit courts denied the relief requested, and the three movants have appealed to this court from those rulings.

We are not persuaded that *Furman* has or should have any retrospective effect other than to bar an execution now under a death sentence imposed prior to *Furman*. If the decision were held to have *collateral* retrospective applications there would be no limit on the kinds of claims for relief that could be asserted.

See Annotation, United States Supreme Court's Views As To Retroactive Effect Of Its Decisions Announcing New Rules, 22 L.Ed.2d 821, in particular reference to holdings denying retroactive application where the administration of justice otherwise would be adversely affected, 22 L.Ed.2d 838. Also see Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329, where the court observed that the actual existence of a law, prior to its being held unconstitutional, is an operative fact and may have consequences which cannot justly be ignored; that the past cannot always be erased by a new judicial determination;

and that consideration must be given to prior determinations deemed to have finality and acted upon accordingly. The fact that the death sentences imposed on Hamilton, Martin and Smith could not today be executed is no reason, in our opinion, why death cannot be considered to have been, at the time of the commutations and for the purpose of commutation, a higher penalty than life imprisonment without privilege of parole.

We disagree with the reasoning of the California decision.

The simple fact is that at the time *Furman* was decided, the three appellants here were not under death sentences. Those sentences had been voided by commutations. *Furman* cannot reasonably be considered to have a retrospective application to nonexistent death sentences.

The judgments are affirmed.

All concur.