Kevin STANFORD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 2006–CA–001013–MR, 2006–CA–001239–MR.

Court of Appeals of Kentucky.

Dec. 7, 2007.

Discretionary Review Denied by Supreme Court April 16, 2008.

---

**580**

Timothy G. Arnold, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, David A. Smith, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; MOORE and VANMETER, Judges.

## OPINION

VANMETER, Judge.

■ In 2005, the United States Supreme Court held that persons who commit capital crimes when they are under the age of eighteen are not subject to the death penalty. The issue we must decide in this case is whether Kevin Stanford, a juvenile at the time of his crimes in 1981 and whose death sentence was commuted to life in prison without possibility of parole in 2003, is entitled to a new sentencing hearing. We hold that he is not and therefore affirm the Jefferson Circuit Court.

In 1982, a jury convicted Kevin Stanford of murder, robbery first degree, and sodomy first degree for acts he committed when he was seventeen years, four months old. The jury recommended, and the trial court imposed, the death penalty. Stanford's conviction and sentence were affirmed both on direct appeal[1] and after he sought post-conviction relief.[2] Finally, as Stanford notes, "[w]ith his appeals exhausted, Stanford ... sought clemency from Governor Paul Patton."[3] In 2003, the Governor commuted the sentence to life without parole.

On March 1, 2005, the United States Supreme Court issued *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), in which it held unconstitutional the death sentence for offenders who were under the age of eighteen when they committed their crimes. Based on this holding, and pursuant to RCr 11.42 and CR[4] 60.02(e) and (f), Stanford filed a motion in February 2007 seeking a new sentencing trial. The Jefferson Circuit Court denied Stanford's motion, and this appeal followed.

Without unduly prolonging this opinion, we believe that the decision of *Hamilton v. Commonwealth*, 514 S.W.2d 188 (Ky.1974), is controlling. In *Hamilton*, after the Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33

**1.** *Stanford v. Commonwealth*, 734 S.W.2d 781 (Ky.1987), *aff'd*, *Stanford v. Kentucky*, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989).

**2.** *Stanford v. Commonwealth*, 854 S.W.2d 742 (Ky.1993) (motion under Kentucky Rules of Criminal Procedure (RCr) 11.42), *cert. denied*, 510 U.S. 1049, 114 S.Ct. 703, 126 L.Ed.2d 669 (1994); *Stanford v. Parker*, 266 F.3d 442 (6th Cir.2001) (petition for federal habeas corpus), *cert. denied*, 537 U.S. 831, 123 S.Ct. 136, 154 L.Ed.2d 47 (2002).

**3.** In his motion before the Jefferson Circuit Court, Stanford stated that he requested a commutation of the death sentence from Governor Patton in September 2002, and that on December 8, 2003, the Governor issued an Executive Order doing so.

**4.** Kentucky Rules of Civil Procedure.

L.Ed.2d 346 (1972), three defendants who had had their death sentences previously commuted to life without the benefit of parole sought to have their sentences "corrected" to delete the condition of ineligibility for parole. Their theory, similar to Stanford's, was that since *Furman* made the original death penalty retroactively invalid, they were entitled to the next highest sentence authorized by law, life imprisonment, which included the possibility of parole. The Court of Appeals, then Kentucky's highest court, rejected this argument, noting "[t]he simple fact ... that at the time *Furman* was decided, the three appellants here were not under death sentences. Those sentences had been voided by commutations. *Furman* cannot reasonably be considered to have a retrospective application to nonexistent death sentences." 514 S.W.2d at 190.

Similarly, at the time *Roper* was decided, Stanford was no longer under a death sentence, as his original sentence had been voided by commutation nearly fifteen months earlier. *Roper* therefore does not have retroactive application to Stanford's situation. While Stanford maintains that *Hamilton* was wrongly decided, in our view it still controls and we are therefore bound to follow it. SCR 1.030(8)(a).

 Finally, the parties' briefs discuss whether Stanford was bound by the Governor's commutation. As noted in *Fletcher v. Graham,* 192 S.W.3d 350, 361 (Ky.2006), a governor's pardon or commutation "may not be thrust upon an unwilling recipient; it may be refused, and therefore acceptance must be a logical pre-requisite to a fully effectual pardon." However, any argument that Stanford now objects to the commutation appears to be disingenuous at best, as his own pleadings reflect that Stanford specifically sought and applied for the commutation.

The Jefferson Circuit Court's Order is affirmed.

ALL CONCUR.