Frank HARSCHER, III, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–000661–MR.

Court of Appeals of Kentucky.

May 21, 2010.

Discretionary Review Denied by Supreme Court Dec. 8, 2010.

Case Ordered Published by Supreme Court Dec. 8, 2010.

G. Scott Hayworth, Lexington, KY, for appellant.

Jack Conway, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before VANMETER, Acting Chief Judge; COMBS and KELLER, Judges.

## OPINION

KELLER, Judge:

Frank Harscher, III (Harscher) appeals from an order of the Fayette Circuit Court denying his motion to expunge his record. For the following reasons, we affirm.

On March 27, 2000, a jury found Harscher guilty of making a false statement as to identity or financial condition to obtain a credit card, a Class D felony, and recommended that he be sentenced to one-year imprisonment. On April 27, 2000, the trial court entered its final judgment sentencing Harscher to one-year imprisonment probated for five years. Harscher successfully completed his probationary period.

By executive order issued on December 10, 2007, Governor Ernie Fletcher pardoned Harscher's 2000 conviction. The order states in pertinent part the following:

NOW, THEREFORE, I, Ernie Fletcher, Governor of the Commonwealth of Kentucky, in consideration of the foregoing, and by the virtue of the authority vested in me by Sections 77, 145, and 150 of the Constitution of the Commonwealth of Kentucky, do hereby unconditionally pardon Frank Harscher III and return to him all rights and privileges of a citizen of this Commonwealth.

On March 13, 2009, Harscher filed a motion to expunge his record pursuant to Kentucky Revised Statute (KRS) 431.076. A hearing was held on March 13, 2009, in the Fayette Circuit Court, and on March 16, 2009, the trial court denied Harscher's motion. In its order, the trial court noted that KRS 431.078 does not permit expungement of felonies. The trial court further reasoned that while a pardon forecloses punishment of the offense itself, it does not erase the fact that the offense occurred. Thus, the trial court concluded that the pardon granted to Harscher was not grounds for expungement of his conviction. This appeal followed.

On appeal, Harscher makes two arguments. First, Harscher contends that the trial court erred in denying his motion to expunge because a pardon automatically entitles the pardoned individual to expungement of his court records. Second, Harscher argues that the trial court incorrectly applied KRS 431.078 instead of KRS 431.076 when it denied his motion to expunge. Because both issues raised by Harscher are purely matters of law, we review the circuit court's ruling *de novo. Commonwealth v. Groves,* 209 S.W.3d 492, 495 (Ky.App.2006).

The power to issue pardons is granted to the Governor in Section 77 of the Kentucky Constitution, which provides that the Governor "shall have power to remit fines and forfeitures, commute sentences, grant reprieves and pardons...." While the Kentucky Constitution vests the Governor with the power to grant pardons, it does not expressly address the effects of a pardon, including the expungement of criminal records. The Legislature has addressed the expungement of criminal records in KRS 431.076 and KRS 431.078. However, neither KRS 431.076 nor KRS 431.078 addresses the expungement of pardoned convictions. Thus, we must look "to common law to determine the extent of the Governor's pardoning power contained in Section 77 of the Kentucky Constitution." *Anderson v. Commonwealth,* 107 S.W.3d 193, 196 (Ky.2003) (*citing Commonwealth ex rel. Meredith v. Hall,* 277 Ky. 612, 126 S.W.2d 1056, 1057 (1939)).

■ Harscher argues that a full pardon has the effect of eliminating guilt or the fact of the conviction, and thus expunges the record of the pardoned individual. In support of his argument, Harscher relies on *Jackson v. Rose,* 223 Ky. 285, 3 S.W.2d 641 (1928). In *Jackson,* the Governor of Kentucky pardoned Jackson of his manslaughter conviction prior to his sentencing hearing. After realizing that he misspelled Jackson's name in the pardon, the Governor issued a second pardon correcting his mistake. The prosecutor objected to the filing of the second pardon arguing that the Governor's power was exhausted by the first pardon and that he was without authority to grant the second pardon. The trial court sustained the prosecutor's objection and refused to recognize the pardon. Thus, the trial court sentenced Jackson and placed him into custody. *Id.* at 642–43.

Jackson filed a petition for a writ of mandamus to compel the trial court to give effect to the post-conviction pardon and to discharge him from custody. In granting the petition, the former Kentucky Court of Appeals opined that:

A pardon is binding on everyone, including the courts. It is not necessary that the pardon be supported by a formal plea. All that is necessary is that the pardon be called to the attention of the court.... When a pardon ... is brought to the attention of the court, it is the duty of the court to discharge the defendant and dismiss the proceeding against him, since the pardon is itself an absolute exemption from any further legal proceedings which would tend to harass the defendant on account of the crime.

*Id.* at 643 (internal citations omitted). Harscher argues that because a pardon requires the court to "dismiss the proceeding against [a defendant]" a pardon eliminates or wipes out the conviction as if it were never committed. *Id.* Therefore, he argues that a pardoned conviction must be expunged. We disagree.

■ As stated in *Anderson,* a pardon is the "act or an instance of officially nullifying punishment or other legal consequences of a crime." 107 S.W.3d at 196 (*quoting Black's Law Dictionary* (7th ed.1999)). A full and complete pardon also restores all civil rights to the pardoned felon. *Id.* In *Fletcher v. Graham,* 192 S.W.3d 350, 362 (Ky.2006), the Supreme Court of Kentucky emphasized that a pardon relieves the offender from "all the consequences which the law has annexed to the commission of the public offense of which he has been pardoned, and attains new credit and capacity, as if he had never committed that public offense" (*quoting Nelson v. Commonwealth,* 128 Ky. 779, 109 S.W. 337, 338 (1908)). However, the Court went on to state that:

A pardon does not prevent any and all consequences of the pardoned offense: collateral consequences of the offense may still follow. For example, an attorney who has been pardoned for the offense of forgery may not be punished for that crime, but may be disbarred as a result of that offense. Our predecessor court also recognized that a gubernatorial pardon does not restore the character of the witness/pardonee, so that he or she could still be impeached as a felon. Thus, while a pardon will foreclose punishment of the offense itself, *it does not erase the fact that the offense occurred, and that fact may later be used to the pardonee's detriment.*

*Id.* at 362–63 (internal citations omitted) (emphasis added).

■ Thus, while a full pardon has the effect of removing all legal punishment for the offense and restoring one's civil rights, it does not wipe out either guilt or the fact of the conviction. *See Nelson,* 109 S.W. at 338 (concluding that a pardon "cannot wipe out the act that he did, which was adjudged an offense. It was done, and will remain a fact for all time.") Because a pardon does not erase the fact that the individual was convicted, we conclude that a pardon does not entitle an individual to expungement of his criminal record.

We note that some of our sister jurisdictions have concluded that a pardoned individual is entitled to have his criminal record expunged. *See State v. Cope,* 111 Ohio App.3d 309, 676 N.E.2d 141 (1996); *State v. Bergman,* 558 N.E.2d 1111 (Ind.Ct.App. 1990); *Commonwealth v. C.S.,* 517 Pa. 89, 534 A.2d 1053 (1987). However, this Court "is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Kentucky Supreme Court Rule (SCR) 1.030(8)(a). Thus, as set forth above and based on *our* jurisprudence, we are constrained to conclude that a pardon does not automatically entitle the pardoned individual to expungement of his court records.

■ Harscher also argues that the trial court erred in applying KRS 431.078 instead of KRS 431.076 when it denied his motion to expunge. Although Harscher moved the court to expunge his record pursuant to KRS 431.076, the trial court applied KRS 431.078. As correctly noted by the trial court, KRS 431.078 only applies to the expungement of certain misdemeanor convictions and does not permit the expungement of felonies. However, KRS 431.076(1) does permit the following individuals to make a motion for expungement of a criminal record:

A person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice, and not in exchange for a guilty plea to another offense....

Harscher argues that the trial court should have applied KRS 431.076 because the pardon of his conviction resulted in his felony charge being dismissed with prejudice. We disagree. Because a pardon does not have the effect of eliminating guilt or the fact of conviction, Harscher cannot maintain that he "has been found not guilty of the offense" or that his "charges have been dismissed with prejudice." KRS 431.076(1). Thus, Harscher cannot satisfy the requirements of KRS 431.076. Accordingly, the trial court correctly denied Harscher's motion to expunge, regardless of whether it applied KRS 431.076(1) or KRS 431.078.

For the foregoing reasons, we affirm the order of the Fayette Circuit Court.

ALL CONCUR.