RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0790-MR

DAYTON JONES                                                    APPELLANT

v.            APPEAL FROM FRANKLIN CIRCUIT COURT
              HONORABLE PHILLIP J. SHEPHERD, JUDGE
              ACTION NO. 20-CI-00236

COMMONWEALTH OF KENTUCKY;
COMMONWEALTH OF
KENTUCKY'S JUSTICE AND
PUBLIC SAFETY CABINET; AND
OFFICER MEGAN GOSS, IN HER
OFFICIAL CAPACITY                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Dayton Jones ("Jones") appeals from the May 29, 2020

judgment of the Franklin Circuit Court dismissing his action for declaratory and

injunctive relief. We affirm.

## BACKGROUND

In 2014, Jones was indicted by a Christian County grand jury on one count each of sodomy in the first degree with serious physical injury;[1] promoting a sexual performance by a minor with physical injury;[2] use of a minor in a sexual performance with physical injury;[3] and distribution of matter portraying a sexual performance by a minor.[4] On December 22, 2016, Jones pleaded guilty to one count each of sodomy in the first degree with no serious injury,[5] wanton endangerment in the first degree,[6] and distribution of matter portraying a sexual performance by a minor. Jones was sentenced to fifteen years' imprisonment. As part of his plea agreement, Jones acknowledged that he would be required to register as a sex offender under the Kentucky Sex Offender Registration Act ("SORA"). Record ("R.") at 37.

---

[1] Kentucky Revised Statutes ("KRS") 510.070, a Class A felony.

[2] KRS 531.320, a Class A felony.

[3] KRS 531.310, a Class A felony.

[4] KRS 531.340, a Class D felony.

[5] KRS 510.070, a Class B felony.

[6] KRS 508.060, a Class D felony.

During his term of imprisonment, Jones petitioned former Governor Matt Bevin for clemency. In 2019, Governor Bevin issued Executive Order 2019-1332 which is titled "PARDON & COMMUTATION" and reads as follows:

> WHEREAS, Dayton Ross Jones was convicted in Christian County Court in 2016 of sodomy, wanton endangerment and distributing matter portraying sexual performance by [a] minor; and
>
> NOW, THEREFORE, I, Matthew G. Bevin, Governor of the Commonwealth of Kentucky, in consideration of the foregoing, and by the virtue of the authority vested in me by Section 77, 145 and 150 of the Constitution of the Commonwealth of Kentucky, do hereby commute the sentence of Dayton Ross Jones to time served.

R. at 14. Upon his release from incarceration, Parole Officer Megan Goss contacted Jones regarding his term of sex offender post-incarceration supervision. Subsequently, Jones filed a complaint in the Franklin Circuit Court seeking declaration that he need not comply with the SORA or post-incarceration supervision.

Appellees moved to dismiss the complaint under CR[7] 12.02(f) arguing Jones failed to state a claim upon which relief could be granted. In granting appellees' motions, the circuit court found:

> In the present case, the [c]ourt finds that [Jones], as a matter of law, was granted a commutation and not a pardon. This is apparent from a plain reading of the text

---

[7] Kentucky Rules of Civil Procedure.

-3-

of the document and construing the document as a whole. Though titled "Pardon & Commutation," the operative language of the [o]rder is contained within its body, which contains no directive that could be construed to wipe out the consequences of the conviction. The [o]rder merely "commute[s] the sentence of Dayton Ross Jones to time served" and does not purport to grant him a pardon in any way. By commuting his sentence, former Governor Bevin provided for [Jones'] immediate release from custody and nothing else.

R. at 213. No post-judgment motions were filed by either party. This appeal followed.

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (citation omitted). The circuit court should not grant a motion to dismiss "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Cotton v. National Collegiate Athletic Ass'n*, 587 S.W.3d 356, 361 (Ky. App. 2019) (citation omitted).

## ANALYSIS

On appeal, Jones argues: (1) Executive Order 2019-1332 is ambiguous; (2) the trial court erred by failing to analyze operative language in the

executive order; and (3) the trial court failed to consider his arguments relating to equitable estoppel and issue preclusion.

The Governor has the power to commute sentences and grant pardons under Section 77 of the Kentucky Constitution. The impact of a commutation is more limited than that of a pardon. A commutation voids a greater sentence by imposing a lesser one. *See Stanford v. Commonwealth*, 248 S.W.3d 579, 581 (Ky. App. 2007). Conversely, a pardon officially nullifies a punishment or other legal consequences of a crime. *Harscher v. Commonwealth*, 327 S.W.3d 519, 522 (Ky. App. 2010) (citation omitted). Only a pardon relieves an offender from "all the consequences which the law has annexed to the commission of the public offense of which he has been pardoned, and attains new credit and capacity, as if he had never committed that public offense[.]" *Id*. (internal quotation marks and citation omitted).

Jones argues Executive Order 2019-1332 is ambiguous as to whether Governor Bevin intended to grant him a pardon or commutation. Executive orders granting clemency are construed according to the principles applicable to other written instruments. *See Adkins v. Commonwealth*, 23 S.W.2d 277, 280-81 (Ky. 1929) (citations omitted). Under these principles, an instrument is ambiguous when it is reasonably susceptible to different or inconsistent interpretations. *Cantrell Supply, Inc. v. Liberty Mutual Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App.

2002) (citations omitted). If ambiguity exists, the court should determine, if possible, the intention of the grantor from the instrument as a whole. *See McMullin v. McMullin*, 338 S.W.3d 315, 320 (Ky. App. 2011) (citation omitted). Where there is no ambiguity, "a written instrument will be enforced strictly according to its terms," and a court must assign the language therein its ordinary meaning without consideration of extrinsic evidence. *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (footnotes omitted).

Herein, Jones repeatedly claims the executive order is ambiguous because it is titled "pardon" without acknowledging the complete title of the order is "Pardon & Commutation." Furthermore, the order as a whole, not the title alone, must be examined to determine whether Governor Bevin intended to grant Jones a pardon or commutation of his sentence. The body of the order unequivocally states its purpose is to "commute the sentence of Dayton Ross Jones to time served." R. at 14. There is no ambiguity as to the Governor's intent and, giving the terms of the order their ordinary meaning, it can be interpreted only as a commutation of Jones' sentence. Therefore, the circuit court did not err.

Finally, we will not review the merits of Jones' claims that the circuit court erred by failing to scrutinize the operative language of the executive order or address his arguments relating to equitable estoppel and issue preclusion. It is fundamentally the responsibility of the party who asserts a claim to prove the claim

to the satisfaction of the circuit court and, where the court fails to rule on the issue, the pleading party must seek a ruling by means of a motion under CR 52.02 or CR 59.05. *Vinson v. Sorrell*, 136 S.W.3d 465, 471 (Ky. 2004); *see also Richardson v. Rees*, 283 S.W.3d 257, 265 (Ky. App. 2009). Where a party has not requested a ruling on a specific issue, this Court lacks the authority to review the claim. *J.K. v. N.J.A.*, 397 S.W.3d 916, 919 (Ky. App. 2013) (citations omitted). Herein, Jones did not file any post-judgment motions under CR 52.02 or CR 59.05 requesting the circuit court further scrutinize the terms of the executive order or address his remaining arguments. This failure is fatal to Jones' appeal on these issues.

## CONCLUSION

Based on the foregoing, the May 29, 2020 judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Daniel J. Canon
Indianapolis, Indiana

BRIEF FOR COMMONWEALTH OF
KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Barry L. Dunn
Heather L. Becker
Jeffrey A. Cross
Rewa Zakharia
Frankfort, Kentucky

BRIEF FOR KENTUCKY JUSTICE
AND PUBLIC SAFETY CABINET
AND PROBATION AND PAROLE
OFFICER MEGAN GOSS:

Brenn O. Combs
Frankfort, Kentucky