RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0130p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――

JOHNETTA CARR,

*Plaintiff-Appellant*,

*v.*

LOUISVILLE-JEFFERSON COUNTY, KENTUCKY METRO GOVERNMENT; TONY FINCH, GARY HUFFMAN, TERRY JONES, JIM LAWSON, and SHAWN SEABOLT, Police Detectives, in their individual capacities; TROY PITCOCK and JAMES HELLINGER, Louisville Police Sergeants, in their individual capacities,

*Defendants-Appellees*.

No. 21-5736

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:20-cv-00818—Charles R. Simpson III, District Judge.

Argued: May 5, 2022

Decided and Filed: June 16, 2022

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

―――――――――

## COUNSEL

**ARGUED:** Elliot Slosar, LOEVY & LOEVY, Chicago, Illinois, for Appellant. Peter F. Ervin, JEFFERSON COUNTY ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellees. **ON BRIEF:** Elliot Slosar, Amy Robinson Staples, Margaret Campbell, LOEVY & LOEVY, Chicago, Illinois, for Appellant. Peter F. Ervin, Susan K. Rivera, JEFFERSON COUNTY ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellees.

———————————

**OPINION**

———————————

JULIA SMITH GIBBONS, Circuit Judge.  In 2008, Johnetta Carr entered an *Alford* plea to second degree manslaughter, pleading guilty but maintaining her innocence.  Over a decade later, she was pardoned.  Carr then sued Louisville-Jefferson County, the City of Louisville, and several police officers under 42 U.S.C. § 1983, alleging her conviction was the result of constitutional violations.  The district court granted defendants' motion to dismiss, finding Carr's § 1983 claims were not cognizable under the Supreme Court's precedent in *Heck v. Humphrey*, 512 U.S. 477 (1994).  As Carr's pardon satisfies the requirements of *Heck*, we reverse the district court and remand for Carr to pursue her claims.

**I**

In 2005, Planes Michael Adolphe was found murdered in front of his apartment building.  Adolphe and Carr had been dating at the time.  Carr, who was sixteen, was arrested for Adolphe's murder.  She was indicted and entered an *Alford* plea[1] in 2008 to second degree manslaughter, conspiracy to commit robbery, conspiracy to commit burglary, and tampering with physical evidence.  She was sentenced to twenty years of imprisonment.  She was paroled in 2009 and discharged in 2018.

On December 6, 2019, Carr applied for a pardon, asserting her innocence.  The Kentucky Innocence Project filed letters in support of her application.  Three days later, Kentucky Governor Matthew Bevin pardoned Carr.  In the pardon, he notes "Johnetta Carr is a strong and highly motivated woman with a very bright future."  DE 20-2, Pardon, Page ID 113.  He expressed his confidence "that she will contribute in powerful ways to society as a whole and to those in her community specifically."  *Id.*  He granted "her the full and unconditional pardon she has requested."  *Id.*  The pardon ends,

---

[1]"[A]n '*Alford* plea' refers to a defendant who pleaded guilty but maintained that [she] is innocent." *United States v. Tunning*, 69 F.3d 107, 110 (6th Cir. 1995); *see North Carolina v. Alford*, 400 U.S. 25 (1970).

**NOW, THEREFORE,** I Matthew G. Bevin, Governor of the Commonwealth of Kentucky, in consideration of the foregoing, and by the virtue of the authority vested in me by Sections 77, 145, and 150 of the Constitution of the Commonwealth of Kentucky, do hereby unconditionally pardon Johnetta Carr and return to her all rights and privileges of a citizen of this Commonwealth.

*Id.*

A year later, Carr sued under § 1983, alleging that defendants violated her constitutional rights by investigating and prosecuting her for Adolphe's murder. Specifically, she alleges they fabricated evidence, coerced false statements, and withheld exculpatory evidence. Defendants moved to dismiss Carr's complaint, arguing her § 1983 claims were not cognizable under *Heck*. The district court agreed and dismissed Carr's § 1983 claims. With dismissal of the federal claims, the court declined to exercise supplemental jurisdiction over Carr's state law claims.

**II**

We review the grant of a motion to dismiss de novo. *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017). We take "as true all well-pleaded material allegations in the . . . pleadings, and affirm the district court's grant of the motion only if the moving party is entitled to judgment as a matter of law." *Id.* We may "consider materials in addition to the complaint if such materials are public records or otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

**III**

We begin with a discussion of *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court addressed when an individual may sue under § 1983 and allege constitutional violations relating to a criminal conviction. Heck was convicted of voluntary manslaughter and was serving a fifteen-year sentence when he filed a § 1983 suit alleging such constitutional violations. *Heck*, 512 U.S. at 478–79. The Court held he could not proceed on his § 1983 claims. *Id.* at 490.

First, the Court noted that habeas is the exclusive means to seek release from custody. *Id.* at 481. However, Heck was seeking damages. *Id.* To determine whether Heck's claims were cognizable under § 1983, the Court began by comparing § 1983 to malicious prosecution because "§ 1983 creates a species of tort liability." *Id.* at 483 (citation omitted). To prove malicious prosecution, a plaintiff must show "termination of the prior criminal proceeding in favor of the accused." *Id.* at 484. The Court noted this element avoids parallel litigation and collateral attacks on a conviction. *Id.* Expanding to § 1983, the Court explained "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." *Id.* at 486. Therefore,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (footnote omitted). A court must first "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If the answer is yes, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

**A**

Carr does not contest that her § 1983 claims implicate *Heck*. However, she argues her conviction has already been invalidated through her pardon. In *Heck*, the Court listed four ways a conviction could be invalidated: (1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus. 512 U.S. at 486–87. Carr argues her pardon falls under executive expungement.

**1**

We have never previously considered whether a pardoned individual can pursue a § 1983 claim relating to her conviction. Courts that have considered the issue unanimously agree that

pardons in some way fall under *Heck*'s reach. *See Savory v. Cannon*, 947 F.3d 409, 428–30 (7th Cir. 2020) (en banc); *Wilson v. Lawrence Cnty.*, 154 F.3d 757, 760–61 (8th Cir. 1998); *Walden v. City of Chicago*, 391 F. Supp. 2d 660, 671–72 (N.D. Ill. 2005); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 686–87 (E.D. Va. 1994). *Heck* holds a plaintiff can show her conviction was invalidated by showing it was "expunged by executive order." 512 U.S. at 487. In considering whether a pardon falls under this category, the Eighth Circuit noted "'expunge' has two different connotations." *Wilson*, 154 F.3d at 760. Expunge can mean physically destroying information, or a "more common meaning" of destroying or obliterating figuratively. *Id.* To choose a definition, the court looked to the other methods of invalidating a conviction under *Heck*—"direct appeal, state collateral proceedings, and federal habeas review." *Id.* at 761. These methods do not require "literal destruction," so the court adopted the figurative meaning of expunge. *Id.* A full pardon, the court found, obliterates a conviction and therefore qualifies as expungement by executive order. *Id.* The Seventh Circuit, similarly, has "often used 'pardon' or 'executive pardon' as synonyms for 'expunged by executive order.'" *Savory*, 947 F.3d at 429.

A figurative meaning of expunge is supported by the fact that many states do not have literal expungement by executive order.**[2]** In Kentucky, the governor has pardon power. Ky. Const. § 77. However, a pardon does not automatically entitle the pardoned individual to expungement of her criminal record. *Harscher v. Commonwealth*, 327 S.W.3d 519, 522 (Ky. Ct. App. 2010). The pardoned individual can petition a court to have her conviction expunged. Ky. Rev. Stat. Ann § 431.073(1)(c); *Bedford v. Commonwealth*, No. 2017-CA-001907-MR, 2018 WL 4261782, at *1 (Ky. Ct. App. Sept. 7, 2018). Therefore, Kentucky has executive pardons and *judicial* expungement. "There is no reason in principle or policy for the Supreme Court, for these purposes, to distinguish between prisoners in states where executive expungement orders are available, and prisoners in states . . . that do not recognize such a remedy." *Snyder*, 870 F. Supp. at 686. Although "executive pardons and judicial expungement orders are not specifically listed [in *Heck*], they certainly seem to be within the reach of the Court's language." *Id.*

---

**[2]***See, e.g.*, Tenn. Code Ann. § 40-32-101 (Tennessee); *Howard v. State*, 231 So. 3d 198, 199–200 (Miss. Ct. App. 2017) (Mississippi); *Olson v. State*, 286 P.3d 296, 298 (Okla. Civ. App. 2012) (Oklahoma); *Walden*, 391 F. Supp. 2d at 671 n.5 (Illinois); *Snyder*, 870 F. Supp. at 686 (Virginia).

We join our sister circuits in holding that a pardoned individual has had her conviction expunged by executive order under *Heck*.

**2**

Defendants argue that Carr's pardon does not invalidate her conviction under *Heck* because the pardon did not contain language indicating Carr was innocent.

In *Savory v. Cannon*, the en banc Seventh Circuit found no support in *Heck* for requiring that a pardon be based on innocence to meet the invalidation requirement. 947 F.3d at 429. Savory was convicted of first-degree murder. *Id.* at 412. After thirty years in prison, he was paroled and his sentence was later commuted. *Id.* Then, he received a general pardon from Illinois Governor Pat Quinn. *Id.* at 412, 428. He sued the City of Peoria and several officers under § 1983. *Id.* at 412. Addressing the difference between a general pardon and a pardon of innocence, the Seventh Circuit wrote, "The contention that a pardon must be based on innocence in order to serve as a favorable termination finds no support in *Heck*, and we see no reason to impose that additional limitation on *Heck*'s holding." *Id.* at 429. The en banc court emphasized that none of the other methods of invalidation under *Heck* "require an affirmative finding of innocence." *Id.* Therefore, Savory's general pardon satisfied *Heck*'s invalidation requirement. *Id.* at 429–30.[3] We agree with the Seventh Circuit.

A full pardon, even one that does not indicate an individual is innocent, fulfills the purposes of *Heck*'s invalidation requirement. *Heck* sought to avoid parallel litigation and to prevent collateral attacks on a conviction through a civil suit. *Heck*, 512 U.S. at 484–85. A full pardon removes all legal consequences of the individual's conviction, avoiding the concern of parallel litigation with an outstanding criminal proceeding. *See United States v. Barrett*, 504 F.2d 629, 634 (6th Cir. 1974) ("A pardon is full when it freely and unconditionally absolves the person from all the legal consequences of his crime and of his conviction, direct and collateral, including punishment, whether . . . imprisonment, pecuniary penalty, or whatever else the law has provided . . . ."). As for collateral attacks, the Eighth Circuit addressed this concern:

---

[3]The only other circuit to consider the issue, the Eighth Circuit, did not directly state whether an implication of innocence is required. *See Wilson*, 154 F.3d at 759–61.

> The gist of *Heck* is that section 1983 is not an appropriate vehicle for attacking the validity of a state conviction.  [The plaintiff] does not seek to put it to this improper use.  He used the executive clemency process, which the Supreme Court has expressly approved, as the forum in which to challenge his criminal conviction.

*See Wilson*, 154 F.3d at 761.[4]

While a full pardon does not always indicate that the individual is innocent, *Heck* does not require a finding of innocence.  *Heck* did not impose a prerequisite of innocence to seek relief under § 1983.  Instead, it gave examples of state procedures amounting to invalidation of a conviction.  It did not mention innocence as a requirement, and there is "no reason to impose that additional limitation [of innocence] on *Heck*'s holding."  *Savory*, 947 F.3d at 429.

**B**

Defendants argue that under Kentucky law a pardon does not invalidate a conviction.  Because § 1983 is a federal statute, federal law governs its interpretation.  *See Wilson*, 154 F.3d at 760; *see also Maine v. Thiboutot*, 448 U.S. 1, 4–8 (1980) (using federal law to interpret § 1983); *Armstrong v. Mich. Bureau of Servs. for Blind Persons*, 969 F.3d 337, 341–42 (6th Cir. 2020) (same).  State law, however, does play a role.

We look to state law for the limited purpose of determining whether a particular pardon is full and unconditional, such that it falls within the meaning of *Heck*.  A pardon in Kentucky "is the act or an instance of officially nullifying punishment or other legal consequences of a crime." *Harscher*, 327 S.W.3d at 522 (cleaned up).  "A full and complete pardon also restores all civil rights to the pardoned felon."  *Id.*  While a pardon removes all legal consequences, it does not

---

[4]The Supreme Court recently addressed the lack of an innocence requirement in a Fourth Amendment claim under § 1983. *Thompson v. Clark*, 142 S. Ct. 1332 (2022).  Thompson was charged in state court proceedings, but "the charges were dismissed before trial without any explanation by the prosecutor or judge."  *Id.* at 1335.  He sued the police officers who initiated the criminal proceedings under § 1983, alleging they maliciously prosecuted him in violation of the Fourth Amendment.  *Id.*  The Court compared Thompson's Fourth Amendment claim to malicious prosecution, noting that a favorable termination of the underlying criminal proceedings is required to succeed in a malicious prosecution claim.  *Id.* at 1337–39.  Emphasizing the purposes of the favorable termination requirement—to avoid parallel litigation, preclude inconsistent judgments, and prevent improper collateral attacks— the Court held an affirmative showing of innocence is not required.  *Id.* at 1338–41.  *Thompson* is distinguishable because the plaintiff was never convicted, but the case highlights the purposes of the favorable termination requirement and that an affirmative showing of innocence is not required to satisfy those purposes.  *See id.*

eliminate collateral consequences. *Id.* A pardon "does not wipe out either guilt or the fact of the conviction." *Id.* As discussed above, none of the examples in *Heck* require innocence or complete elimination of the fact of conviction. Rather, *Heck* requires only that the conviction has been sufficiently invalidated to avoid parallel litigation and an inappropriate collateral attack on a conviction. A full pardon in Kentucky removes all legal consequences, so that a plaintiff can proceed with her § 1983 claims without implicating the concerns in *Heck*. Therefore, a full pardon in Kentucky satisfies *Heck*'s requirements.

**IV**

We hold that a full pardon, regardless of its implications for the question of innocence, meets the requirements of *Heck*. Under this standard, Carr's pardon satisfies the requirement because it is a "full and unconditional pardon." DE 20-2, Pardon, Page ID 113. We reverse the district court's dismissal of Carr's § 1983 claims. After the district court dismissed Carr's § 1983 claims, it declined to exercise supplemental jurisdiction over her state law claims. We also reverse dismissal of the state law claims and remand for the district court to consider whether to exercise supplemental jurisdiction.